UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FIREFIGTHERS' RETIREMENT SYSTEM, ET AL. | CIVIL ACTION |
| VERSUS | |
| CITCO GROUP LIMITED, ET AL. | NO. 13-00373-SDD-SCR |

## ORDER

Before the Court are several pending motions to dismiss filed by the following Defendants: Skadden, Arps, Slate, Meagher & Flom, L.L.P.;[1] Peter M. Zayfert;[2] Alphonse Fletcher, Jr., Fletcher Asset Management, Inc., Denis Keily, and Duhallow Financial Services, LLC;[3] Grant Thornton International, Ltd.;[4] Citco Technology Management, Inc. (Citco Technology);[5] Citco Fund Services (Bermuda) Limited ("CFS Bermuda") and Citco (Canada) Inc. ("Citco Canada").[6] To date, each motion to dismiss has been opposed and, in all but two instances,[7] a reply brief has also been submitted.[8] The Court considers these motions submitted and ready for its review.

---

[1] Rec. Doc. 17, Motion to Dismiss for Lack of Personal Jurisdiction.
[2] Rec. Doc. 56, Motion to Dismiss for Lack of Personal Jurisdiction.
[3] Rec. Doc. 57, Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction.
[4] Rec. Doc. 59, Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction and Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted.
[5] Rec. Doc. 68, Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction, Rule 8(a) for Failure to Meet the Pleading Requirement, and Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted.
[6] Rec. Doc. 107, Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction, Rule 8(a) for Failure to Meet the Pleading Requirement, and Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted.
[7] To date, there has not been a request to file a reply brief related to Rec. Doc. 68 and Rec. Doc. 107.
[8] Rec. Doc. 17 (memorandum in opposition, Rec. Doc. 51; reply brief, Rec. Doc. 67); Rec. Doc. 56 (memorandum in opposition, Rec. Doc. 80; reply brief, Rec. Doc. 105); Rec. Doc. 57 (memorandum in opposition, Rec. Doc. 80; Rec. Doc. 140 granted to leave to file reply brief); Rec. Doc. 59 (memorandum in opposition, Rec. Doc. 81 (addressing failure to state a claim) and Rec. Doc. 82 (addressing lack of personal jurisdiction); reply brief, Rec. Doc. 129); Rec. Doc. 68 (memorandum in opposition, Rec. Doc. 108 (addressing lack of personal jurisdiction) and Rec. Doc. 109 (addressing failure to state a claim and failure to meet pleading requirements)); Rec. Doc. 107 (memorandum in opposition, Rec. Doc. 137 (addressing lack of personal jurisdiction) and Rec. Doc. 138 (addressing failure to state a claim)).

In conjunction with each of the foregoing motions, Plaintiffs, Firefighters' Retirement System; Municipal Employees' Retirement System of Louisiana; and New Orleans Firefighters' Pension & Relief Fund, have filed five related motions requesting the Court to continue without date its consideration of each of Defendants' dispositive motions.[9] These motions have been opposed.[10] In particular, Plaintiffs suggest that the Court defer ruling on these motions until it has determined whether it has subject-matter jurisdiction over the case.

In *Ruhrgas AG v. Marathon Oil Co.*, the United States Supreme Court held that, although courts usually resolve the question of subject-matter jurisdiction first, a court may, in its discretion, turn directly to personal jurisdiction.[11] In reaching its decision, however, the Court maintained the primacy of subject-matter jurisdiction, noting that "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of the issue first."[12] Personal jurisdiction should only be determined in the first instance where the issue is "straightforward," "presenting no complex question of state law," and determination of subject matter jurisdiction "raises a difficult and novel question."[13] An important reason for this, the Court recognized, was the potentially preclusive effect of dismissing a removed case for want of personal jurisdiction, preventing relitigation of the issue on remand in state court.[14]

Consistent with *Marathon Oil* then, it is proper and within the discretion of this Court to address subject-matter jurisdiction first, before examining personal jurisdiction.

---

[9] Rec. Doc. 52; Rec. Doc. 83; Rec. Doc. 84; Rec. Doc. 110; Rec. Doc. 139.
[10] Rec. Doc. 62; Rec. Doc. 123; Rec. Doc. 125; Rec. Doc. 126.
[11] 526 U.S. 574, 119 S. Ct. 1563 (1999).
[12] *Id.* at 587–88.
[13] *Id.* at 588.
[14] *Id.* at 585.

2

Once the Court has determined whether it does, in fact, have subject matter jurisdiction over the claims, the Court will then make a determination as to whether it has personal jurisdiction over the parties and whether Plaintiffs' motions[15] seeking additional time to conduct discovery limited to personal jurisdictional are warranted.

Pending determination of subject matter jurisdiction, the Court hereby GRANTS the Plaintiffs' motions requesting the Court to continue without date its consideration of each of Defendants' dispositive motions.[16]  If the Court finds it has subject matter jurisdiction, it will then consider personal jurisdiction.

Baton Rouge, Louisiana, this \_\_\_9th\_\_\_ day of September 2013.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[15] Rec. Doc. 30; Rec. Doc. 66; Rec. Doc. 71; Rec. Doc. 97.
[16] Rec. Doc. 52; Rec. Doc. 83; Rec. Doc. 84; Rec. Doc. 110; Rec. Doc. 139.

3