# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

FIREFIGHTERS' RETIREMENT
SYSTEM, ET AL.

VERSUS

CITCO GROUP LIMITED, ET AL.

CIVIL ACTION

NO. 13-373-SDD-SCR

## ORDER

On July 18, 2014, the Court entered a *Ruling and Order*[1] adopting the *Report and Recommendation*[2] of the Magistrate Judge granting Plaintiffs' *Motion to Remand*[3]. On that same day, a certified copy of the Court's remand order was mailed to the 19th Judicial District Court. In its *Ruling and Order*, the Court found that it had related-to bankruptcy jurisdiction under 28 U.S.C. § 1334(b), but further found that remand should be granted based on permissive abstention as set forth in 28 U.S.C. § 1334(c)(1), and equitable remand under 28 U.S.C. § 1452(b). 28 U.S.C. § 1334(d) provides that "[a]ny decision to abstain or not to abstain made under subsection (c) ... is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title." Additionally, 28 U.S.C. § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of

---

[1] Rec. Doc. 210.
[2] Rec. Doc. 204.
[3] Rec. Doc. 60.

appeals under section 158(d), 1291, or 1292 of this title."[4] The Fifth Circuit in *Arnold v. Carlock*[5] explained that, unlike remand orders entered pursuant to 28 U.S.C. § 1447(c), the remand statute of 28 U.S.C. § 1452(b) is self-executing because it carries no certification and mailing requirement.[6] Therefore, if § 1447(c) is the basis for remand, then the federal court is not divested of jurisdiction until the remand order is certified and mailed by the clerk of the district court.[7] In contrast, remand based on 28 U.S.C. § 1452(b) divests the federal court of jurisdiction as soon as the court enters its order of equitable remand.[8] Therefore, this Court is without jurisdiction to consider the Defendants' motions to stay and for expedited consideration.

Accordingly, Defendants' *Emergency Motion to Stay Pending Appeal*,[9] Defendants' *Motion for Expedited Hearing on Emergency Motion to Stay Pending Appeal*,[10] the Skadden Defendants' *Motion for Leave to File Supplemental Memorandum Addressing the Divesting of this Court's Jurisdiction to Send Certified Copy of Remand Order to State Court*[11], and the Skadden Defendants' *Motion for Leave*

---

[4] *See Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 550 (5th Cir. 2000).
[5] *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001).
[6] *Id.* at 437-38.
[7] *Id.* at 438.
[8] *Id.*
[9] Rec. Doc. 212. The motion was filed by the following: Citco Group Limited, Citco Fund Services (Cayman Islands) Limited, Citco Banking Corporation, N.V., Citco Fund Services (Europe) BV, Citco (Canada), Inc., Citco Technology Management, Inc., Citco Bank Nederland, N.V. Dublin Branch, Citco Global Custody N.V., Citco Fund Services (Bermuda) Limited, Fletcher Assessment Management, Inc., Alphonse "Buddy" Fletcher, Jr., Denis Kiely, Duhallow Financial Services, LLC, Peter M. Zayfert, Consulting Services Group, LLC, Joe Meals, Grant Thornton International, Ltd, and Skadden, Arps, Slate, Meagher & Flom, LLP.
[10] Rec. Doc. 213. The motion was filed by the following: Citco Group Limited, Citco Fund Services (Cayman Islands) Limited, Citco Banking Corporation, N.V., Citco Fund Services (Europe) BV, Citco (Canada), Inc., Citco Technology Management, Inc., Citco Bank Nederland, N.V. Dublin Branch, Citco Global Custody N.V., Citco Fund Services (Bermuda) Limited, Fletcher Assessment Management, Inc., Alphonse "Buddy" Fletcher, Jr., Denis Kiely, Duhallow Financial Services, LLC, Peter M. Zayfert, Consulting Services Group, LLC, Joe Meals, Grant Thornton International, Ltd, and Skadden, Arps, Slate, Meagher & Flom, LLP.
[11] Rec. Doc. 214.

to File a Reply in Support of Emergency Motion for Stay Pending Appeal[12] are hereby DENIED without prejudice for lack of jurisdiction.

Baton Rouge, Louisiana the 28 day of July, 2014.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[12] Rec. Doc. 216.