# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIREFIGHTERS' RETIREMENT SYSTEM, ET AL.** | **CIVIL ACTION NO.** |
| **VERSUS** | **13-373-SDD-EWD** |
| **CITCO GROUP LIMITED, ET AL.** | |

and

| | |
|---|---|
| **FIREFIGHTERS' RETIREMENT SYSTEM, ET AL.** | **CIVIL ACTION NO.** |
| **VERSUS** | **14-103-SDD-EWD** |
| **CONSULTING SERVICES GROUP, LLC, ET AL.** | |

and

| | |
|---|---|
| **FIREFIGHTERS' RETIREMENT SYSTEM, ET AL.** | **CIVIL ACTION NO.** |
| **VERSUS** | **14-182-SDD-EWD** |
| **EISNERAMPER, LLP, ET AL.** | |

## STATUS CONFERENCE REPORT AND ORDER

A telephone status conference was held on **June 14, 2016** before the undersigned.

**PRESENT:** 
Phillip W. Preis
Charles M. Gordon
Jennifer R. Gietz
Counsel for all plaintiffs

Ken Yudell
Counsel for defendant
Peter M. Zayfert

Michael R. Allweiss
Counsel for all Citgo defendants

Nicholas J. Wehlen
Counsel for defendant and counter claimant Consulting Services Group, LLC and defendant Joe Meals

Cv36a T0:30

| | |
|---|---|
| **David M. Kerth** <br> Counsel for defendants, <br> Denis Kiely and Duhallow <br> Financial Services, LLC | |
| **James A. Brown** <br> Counsel for Skadden, Arps, Slate, <br> Meagher & Flom, LLP | **James M. Garner** <br> **Debra Fischman** <br> Counsel for proposed intervenors |
| **Craig Isenburg** <br> **David M. Cheifetz** <br> Counsel for Grant Thornton <br> International Ltd. | **Louis L. Robein** <br> Counsel for plaintiff and <br> counter claimant New <br> Orleans Firefighters' <br> Pension & Relief Fund |
| **Amelia W. Koch** <br> Counsel for defendant <br> Grant Thornton, LLP | |

The purpose of the conference was to discuss the status of the pending Motions for Leave to File Complaint in Intervention[1] and to discuss the fact that no Scheduling Order has been issued in this matter.

With regard to the Motions for Leave to File Complaint in Intervention (the "Motions to Intervene"), in each case the motions were filed by the City of New Orleans, New Orleans Mayor Mitchell J. Landrieu, and various city officials and department heads (collectively, the "City of New Orleans"). On October 21, 2015, the magistrate judge previously assigned to these matters issued a Notice Regarding Motion to Intervene in each case.[2] The Notices indicate that the Court was advised that a settlement had been reached which would result in the proposed intervenors withdrawing the Motions to Intervene. During a March 24, 2016 telephone conference, counsel for the City of New Orleans advised that her client and the plaintiffs have entered into a cooperative endeavor agreement but that the settlement required, among other things, passage of a millage to

---

[1] R. Doc. 229 [Case No. 13-cv-373]; R. Doc. 35 [Case No. 14-cv-103]; and R. Doc. 15 [Case No. 14-cv-182].
[2] R. Doc. 234 [Case No. 13-cv-373]; R. Doc. 48 [Case No. 14-cv-103]; and R. Doc. 45 [Case No. 14-cv-182].
Cv36a T0:30

fund the settlement. During the June 14, 2016 telephone conference, counsel for the City of New Orleans reported that the millage had not passed and therefore the parties were considering alternative methods of funding the settlement. Counsel for the City of New Orleans further stated that she would propose a voluntary dismissal without prejudice to re-file the Motions to Intervene to her client. Counsel for plaintiffs stated plaintiffs had no objection to a voluntary dismissal of the Motions to Intervene without prejudice.

**IT IS HEREBY ORDERED** that counsel for the City of New Orleans confer with her client and, **on or before July 5, 2016** file either: (1) Motions to Voluntarily Dismiss without Prejudice the Motions to Intervene; or (2) a notice stating that the City of New Orleans will not consent to voluntary dismissal and therefore the Motions to Intervene must be ruled upon.

**IT IS FURTHER ORDERED** that a scheduling conference is hereby set before United States Magistrate Judge Erin Wilder-Doomes for **July 12, 2016 at 9:30 a.m. in chambers.**

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report in each of these cases **not later than June 28, 2016**. If the parties agree, the Joint Status Reports may consolidate these matters for discovery purposes. It shall be the duty of the attorney for the plaintiff to provide defendants with a copy of this order and attachment, and to prepare, sign, and file the status report in accordance with Attachment A.

No party may submit a separate status report without first obtaining leave of court for good cause shown. Mere disagreements among parties with respect to any of the matters addressed in the report should be set forth in the appropriate section of the Joint Status Report.

The Court will review the report(s) prepared and filed in accordance with Attachment A in advance of the conference. In the event there are no issues requiring court intervention and the

parties have provided a timely report setting forth applicable deadlines, the Court will notify the parties that the conference *will not* be held and that a scheduling order based on their submitted deadlines will be forthcoming.  <u>Unless the Court issues an order cancelling the conference, the conference will be held as scheduled</u>.

    Signed in Baton Rouge, Louisiana, on June 15, 2016.

                                             */s/ Erin Wilder-Doomes*
                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**

Cv36a T0:30

ATTACHMENT A

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FIREFIGHTERS' RETIREMENT SYSTEM, ET AL. | CIVIL ACTION NO. |
| VERSUS | 13-373-SDD-EWD |
| CITCO GROUP LIMITED, ET AL. | |

and

| | |
|---|---|
| FIREFIGHTERS' RETIREMENT SYSTEM, ET AL. | CIVIL ACTION NO. |
| VERSUS | 14-103-SDD-EWD |
| CONSULTING SERVICES GROUP, LLC, ET AL. | |

and

| | |
|---|---|
| FIREFIGHTERS' RETIREMENT SYSTEM, ET AL. | CIVIL ACTION NO. |
| VERSUS | 14-182-SDD-EWD |
| EISNERAMPER, LLP, ET AL. | |

## STATUS REPORT

A.  **JURISDICTION**

What is the basis for the jurisdiction of the Court?

B.  **BRIEF EXPLANATION OF THE CASE**

1.  Plaintiff claims:

Cv36a T0:30

2. Defendant claims:

C.  **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

D.  **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

E.  **DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

    1. Plaintiff's calculation of damages:

    2. Defendant's calculation of offset and/or plaintiff's damages:

    3. Counterclaimant/cross claimant/third party's calculation of damages:

F.  **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

G.  **DISCOVERY**

    1. Initial Disclosures:

        A.  Have the initial disclosures required under FRCP 26(a)(1) been completed?

            [ ] YES    [ ] NO

        In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the

scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    B.    Do any parties object to initial disclosures?

[ ]  YES   [ ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s):

    By defendant(s):

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

4. Discovery from experts:

    Identify the subject matter(s) as to which expert testimony will be offered:

    By plaintiff(s):

    By defendant(s):

**H.**    **PROPOSED SCHEDULING ORDER**

1. Exchanging initial disclosures, please provide that proposed deadline (7 days before the conference): _____.

2. Recommended deadlines to join other parties or to amend the pleadings:

   _____.

3. Filing all discovery motions and completing all discovery except experts:

   _____.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

   Plaintiff(s): _____.

   Defendant(s): _____.

5. Exchange of expert reports:

   Plaintiff(s): _____.

   Defendant(s): _____.

6. Completion of discovery from experts: _____.

7. Filing dispositive motions and Daubert motions: _____.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order must be by motion for good cause shown.

      c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

      d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

      e. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

      f. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

      g. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL

1. Has a demand for trial by jury been made?

      [ ] YES   [ ] NO

2. Estimate the number of days that trial will require.

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

      [ ] YES   [ ] NO

    i. If the answer is *yes*, please explain:

      ii.      If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

              [ ] YES    [ ] NO

**K.**    **SETTLEMENT**

    1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

    2.    Do the parties wish to have a settlement conference:

              [ ] YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

**L.**    **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

    All parties agree to jurisdiction by a Magistrate Judge of this court:

              [ ] YES    [ ] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: _____

                                              Attorney(s) for Plaintiff(s)[1] or Pro Se Plaintiff

---

[1] See Local Rule 11(a) regarding Signing of Pleadings, Motions and Other Papers and Local Rule 5(f) regarding Certificate of Service.

# NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), you are hereby notified that all of the parties in this civil case may consent to allow a United States Magistrate Judge of this district court to conduct any and all proceedings, including trial of the case and entry of a final judgment.

You may consent by signing the form contained within the status report, or you may use the attached form at any later stage of the proceedings should you decide at that time to proceed before the United States Magistrate Judge. A copy of a consent form is enclosed and is also available from the clerk of court. In the event all parties consent to proceed before the Magistrate Judge, the signed consent form must be filed with the court electronically, but ONLY AFTER **ALL** PARTIES HAVE SIGNED THE FORM.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary. Either the district judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in doing so, shall also advise the parties that they are free to withhold consent without adverse consequences.

Please note that the parties may appeal the magistrate judge's decision directly to the court of appeals in the same manner as an appeal from any other judgment of the district court.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FIREFIGHTERS' RETIREMENT SYSTEM, ET AL. | CIVIL ACTION NO. |
| VERSUS | 13-373-SDD-EWD |
| CITCO GROUP LIMITED, ET AL. | |

**and**

| | |
|---|---|
| FIREFIGHTERS' RETIREMENT SYSTEM, ET AL. | CIVIL ACTION NO. |
| VERSUS | 14-103-SDD-EWD |
| CONSULTING SERVICES GROUP, LLC, ET AL. | |

**and**

| | |
|---|---|
| FIREFIGHTERS' RETIREMENT SYSTEM, ET AL. | CIVIL ACTION NO. |
| VERSUS | 14-182-SDD-EWD |
| EISNERAMPER, LLP, ET AL. | |

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. 636(c), the parties to the above captioned civil proceeding hereby waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case.

The parties are aware that in accordance with 28 U.S.C. 636(c)(3), any aggrieved party may appeal from the judgment directly to the United States Court of Appeals for the Fifth Circuit in the same manner as an appeal from any other judgment of the district court.

| Date | Party Represented | Pro Se or Atty. Name | Pro Se or Atty. Signature |
|------|-------------------|----------------------|---------------------------|
|      |                   |                      |                           |
|      |                   |                      |                           |
|      |                   |                      |                           |
|      |                   |                      |                           |
|      |                   |                      |                           |