## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FIREFIGHTERS RETIREMENT
SYSTEM, ET AL.

VS.

CITCO GROUP LIMITED, ET AL.

CIVIL ACTION

13-373-SDD-EWD

## RULING

Defendant, Peter M. Zayfert, and Defendants, Alphonse Fletcher, Jr., Fletcher

Asset Management, Inc., Denis Kiely, and Duhallow Financial Services, LLC, have filed

Rule 12(b)(2) *Motions* seeking dismissal of Plaintiffs' claims against them for lack of

personal jurisdiction.[1]  Plaintiffs have filed an *Opposition*[2] to which the Defendants have

filed *Reply Briefs*.[3]  The Court further instructed the parties to submit briefs regarding how

Bankruptcy Rule 7004(f) may alter the traditional *in personam jurisdictional* analysis.[4]

Those briefs have also been considered.[5]  For the following reasons, the Court denies

the Defendants' *Motions*.

## I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiffs, the Firefighters' Retirement System, Municipal Employees' Retirement

System of Louisiana, and New Orleans Firefighters' Pension and Relief Fund ("Plaintiffs"),

are three retirement systems that provide pension benefits to New Orleans firefighters

---

[1] Rec. Doc. 56 (Rule 12(b)(2) Motion filed on behalf of Peter Zayfert); Rec. Doc. 57 (Rule 12(b)(2) Motion filed on behalf of Alphonse Fletcher, Jr., Fletcher Asset Management, Inc., Denis Kiely, and Duhallow Financial Services, LLC).
[2] Rec. Doc. 80.  Plaintiffs submitted one memorandum to oppose the two separate *Motions.*
[3] Rec. Doc. 105; Rec. Doc. 141.
[4] Rec. Doc. 290.
[5] Rec. Doc. 297; Rec. Doc. 298.

35257                                             1

and certain other firefighters and municipal employees in Louisiana.[6]  In 2008, Plaintiffs purchased 100,000 Series N Shares offered and issued by FIA Leveraged Fund ("Leveraged") for $100 million.[7]  The terms of the investment, including the redemption of Series N Shares, were set forth in an Offering Memorandum upon which the Plaintiffs allegedly relied in deciding to invest in Leveraged.[8]  After a series of investments by Leveraged, in March of 2011, Plaintiffs sought to redeem their Series N Shares from Leveraged to no avail.[9]  Plaintiffs soon realized that their investment in Leveraged was not liquid.[10]  Plaintiffs claim that no cash payments were ever paid to redeem the shares, and they have suffered a loss of the entire $100 million purchase price of the Series N Shares.[11]

In an attempt to recover their losses, Plaintiffs proceeded to file a state court action against twenty-three (23) separate Defendants, including Alphonse Fletcher, Jr. ("Fletcher"), Fletcher Asset Management, Inc. ("FAM"), Denis Kiely ("Kiely"), Duhallow Financial Services, LLC ("Duhallow"), and Peter M. Zayfert ("Zayfert"), due to their alleged roles in controlling Leverage and preparation of the Offering Memorandum.[12]  According to Plaintiffs, Fletcher and FAM controlled Leveraged, FAM served as the Investment Manager of Leveraged, and Fletcher controlled FAM.[13]  Plaintiffs also claim that Kiely was a director of Leveraged and an agent and representative of FAM.[14]  Plaintiffs have alleged

---

[6] Rec. Doc. 1-3, pp. 1-2.
[7] Rec. Doc. 1, p. 7, ¶13.
[8] Rec. Doc. 1-3, pp. 9-12; 11-12; Rec. Doc. 80-2.
[9] Rec. Doc. 1-3, pp. 16-17, ¶41.
[10] Rec. Doc. 1-3, p. 17, ¶42.
[11] Rec. Doc. 1-3, p. 17, ¶¶44-45.
[12] Rec. Doc. 1-3, pp. 1-67, Original *Petition for Damages*; pp. 68-71, *First Amendment to Petition for Damages*; and pp. 72-86, *Second Amendment to Petition for Damages.*
[13] Rec. Doc. 1-3, p. 7, ¶11; p. 8, ¶18; p. 11, ¶26; p. 39, ¶175.
[14] Rec. Doc. 1-3, p. 5.

that Kiely, a representative and director of FAM and Leveraged, travelled to Louisiana in March of 2008 to solicit Plaintiffs to invest in Leveraged.[15]   Kiely also owned Duhallow which allegedly provided accounting and financial services for Leveraged.[16]   Plaintiffs contend that Duhallow's accounting and financial information was included in the Offering Memorandum upon which they relied in deciding to invest in Leveraged.[17]   Plaintiffs have also alleged that Zayfert was a director of Leveraged and an employee of FAM.[18]   Due to their respective positions, Plaintiffs claim that Fletcher, Kiely, and Zayfert are liable for the alleged false and misleading information within the Offering Memorandum.  Plaintiffs sued Fletcher, FAM, Kiely, Duhallow, and Zayfert under the Louisiana Securities Act (La. R.S. 51:701, *et seq.*), as a third party beneficiary (La. C.C. art. 1978), for negligent misrepresentation, under the Louisiana Unfair Trade Practices Act (La. R.S. 51:1401, *et seq.*), and for Holder claims.[19]

On June 11, 2013, Plaintiffs' lawsuit was timely removed to federal court pursuant to 28 U.S.C. §1452(a), and subject matter jurisdiction is maintained in this Court under 28 U.S.C. 1334(b).[20]   The Defendants now seek dismissal of Plaintiffs' claims on the grounds that they lack the requisite contacts with Louisiana necessary for the Court to

---

[15] Rec. Doc. 1-3, p. 8, ¶¶17 and 19.

[16] Rec. Doc. 1-3, p. 5; p. 12, ¶29.

[17] Rec. Doc. 1-3, p. 12, ¶29; p. 43, ¶198.

[18] Rec. Doc. 1-3, p. 5; p. 12, ¶28. The Offering Memorandum specifies Zayfert's role as Executive Vice President of the Board of Directors for FAM.  It also identifies Zayfert as Chief of Trading.  Rec. Doc. 80-2, p. 21.

[19] Rec. Doc. 1-3, *Petition for Damages.*

[20] Rec. Doc. 1.  As an alternative ground for removal, the Defendants asserted that the Court also had original jurisdiction pursuant to 28 U.S.C. § 1332(a).  On July 18, 2014, this Court entered a *Ruling and Order of Remand.*  Rec. Doc. 210.  Subsequently, the Fifth Circuit reversed the District Court's decision, explaining that "removal was proper based on the Chapter 11 proceedings, such that the district court had subject matter jurisdiction at the time of removal."  Rec. Doc. 222, p. 11.

exercise *in personam* jurisdiction over them.  Plaintiffs disagree and, in the alternative, request additional time to conduct jurisdictional discovery.[21]

## II.    LAW AND ANALYSIS

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint where the Court lacks personal jurisdiction.[22]  "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[23]  When, as in this case, a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction.[24]  "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists."[25]  However, in assessing whether the plaintiff has presented a *prima facie* case of personal jurisdiction, the court "will not 'credit conclusory allegations, even if uncontroverted.'"[26]    The Court may consider "affidavits,

---

[21] The Plaintiffs filed a separate *Motion to Continue Submission Date to Allow Jurisdictional Discovery to Peter Zayfert, Alphonse Fletcher, Jr., Fletcher Asset Management, Inc., Denis Kiely, and Duhallow Financial Services, LLC.*  Rec. Doc. 66.   Defendants Alphonse Fletcher, Jr., Fletcher Asset Management, Inc., Denis Kiely, and Duhallow Financial Services, LLC filed an Opposition.  Rec. Doc. 78.  Defendant Peter Zayfert also filed an Opposition asserting his own arguments and adopting those made by the Fletcher Defendants.  Rec. Doc. 103.

[22] Fed.R.Civ.P. 12(b)(2).

[23] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)(citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).

[24] *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)(quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)(citations omitted)).

[25] *Id.* ("Proof by a preponderance of the evidence is not required.").

[26] *Sealed Appellant 1 v. Sealed Appellee 1*, 625 Fed.Appx. 628, 631 (5th Cir. 2015)(quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)).

35257                                              4

interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[27]

As previously mentioned, the Court has "related to" bankruptcy subject matter jurisdiction over this case pursuant to 28 U.S.C. §1334(b).  "Because the Court has 'related to' bankruptcy jurisdiction pursuant to § 1334(b), the entire body of the Federal Rules of Bankruptcy Procedure … applies to this action."[28]  Therefore, Bankruptcy Rule 7004(d), which provides for nationwide service of process in adversary proceedings arising under Title 11 of the United States Code, also applies.[29]

In *Busch v. Buchman, Buchman & O'Brien*,[30] the Fifth Circuit held that when, as here, the federal rule at issue authorizes nationwide service of process, the district court has personal jurisdiction over any party having minimum contacts with the United States.[31]  At least one district court has explained that "[t]his is so because when an action

---

[27] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)(quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

[28] *Lentz v. Trinchard*, 730 F.Supp.2d 567, 577 n. 33 (E.D.La. 2010)(citing *In re Celotex Corp.*, 124 F.3d 619, 629 (4th Cir. 1997)(holding that Bankruptcy Rules apply to an action in federal district court based on 'related to' jurisdiction under 28 U.S.C. § 1334(b)); *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1236-37 (3d Cir. 1994)(same); *Diamond Mortgage Corp. of Illinois v.* Sugar, 913 F.2d 1233, 1240-41 (7th Cir. 1990)(same)).

[29] Bankruptcy Rule 7004(d) provides for nationwide service of process. ("The summons and complaint and all other process except a subpoena may be served anywhere in the United States.")  In turn, Bankruptcy Rule 7004(f) provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

[30] *Busch v Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).

[31] In *Busch*, the statute authorizing nationwide service of process was Section 27 of the 1934 Securities Exchange Act, 15 U.S.C. § 78aa.  The *Busch* court held that "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States."

35257                                      5

is in federal court on 'related to' jurisdiction, the sovereign exercising authority is the United States, not the individual state in which the federal court sits."[32]

It is undisputed that the Defendants have contacts with the United States.  The individual Defendants have admitted to the following:  Defendant Zayfert has been a resident and domiciliary of the State of New York for over fifty years;[33] Defendant Kiely is a citizen and domiciliary of the State of New York;[34] and Defendant Fletcher is a citizen of the State of California, who owns residences in the States of New York and Connecticut.[35]  As for the business Defendants, FAM is a Delaware Corporation with its principal place of business in New York.[36]  Similarly, Duhallow is a Delaware Limited Liability Company with its principal place of business in New York.[37]   As a result, the Court finds that the Court has personal jurisdiction over the Defendants.

Nevertheless, the Defendants argue that the exercise of personal jurisdiction by the Court in the Middle District of Louisiana violates the due process clause of the Fifth Amendment.  The Court disagrees.  Within the Fifth Circuit, where the relevant statute

[32] *Lentz*, 730 F.Supp.2d at 577-78.

[33] Rec. Doc. 56-2, p. 1, no. 2. (*Declaration of Peter M. Zayfert*)  Zayfert even travelled to Louisiana on two occasions: once in October of 2006 to meet with various pension funds in order to introduce them to FAM and its investment style; and once in July of 2007, to attend a conference with representatives of the New Orleans Firefighters' Pension and Relief Fund.  Rec. Doc. 56-2, p. 2, nos. 4-6.

[34] Rec. Doc. 57-1, p. 23. (*Declaration of Denis J. Kiely*) Kiely also attested to traveling to Louisiana on business "on less than five occasions in the early to middle 2000's to meet with the New Orleans Firefighters' Pension & Relief Fund regarding its investments … that are not subject of the [instant] litigation", and "in 2008 to meet with the Firefighters' Retirement System regarding its potential in FIA Leveraged Fund." Rec. Doc. 57-1, p. 25, nos. 13-14.  He further attested to traveling to Louisiana and for personal reasons in the mid-1990's (vacation), and for two LSU football games between 2008 and 2010.  Rec. Doc. 57-1, p. 25, no. 16.

[35] Rec. Doc. 57-1, p. 19, no. 1. (*Declaration of Alphonse Fletcher, Jr.*).  Fletcher also attested to traveling to Louisiana on two occasions "between 2002 and 2005, to meet with the New Orleans Firefighters' Pension & Relief Fund regarding investments it once held that are not the subject of the [pending] litigation." Rec. Doc. 57-1, p. 21, no. 12.

[36] Rec. Doc. 57-1, p. 19, no. 3. (*Declaration of Alphonse Fletcher, Jr.*)  Fletcher attested to this fact as the Chief Executive Officer of FAM.

[37] Rec. Doc. 57-1, p. 23, no. 4. (*Declaration of Denis J. Kiely*).  Kiely attested to this fact as the Managing Member of Duhallow.

provides for nationwide service of process, "the due process concerns of the Fifth Amendment are satisfied.  Given that the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within the United States."[38]   As previously discussed, it is undisputed that all of Defendants reside within the United States.

The Defendants also invite the Court to disregard the Fifth Circuit precedent established by *Busch*, pursuant to two subsequent United States Supreme Court decisions, *Daimler AG v. Bauman*[39] and *Walden v. Fiore*.[40]  For the following reasons, the Court declines the Defendants' invitation.   Initially the Court notes that, despite expressing certain misgivings regarding the national contacts test, the Fifth Circuit has continued to dutifully apply the national contacts test.[41]   The Court further finds that *Daimler* and *Walden* are readily distinguishable from the instant case, as neither case dealt with a nationwide service provision or the question of what is an appropriate "forum" when presented with a nationwide service provision.

---

[38] *Busch*, 11 F.3d at 1258 (citing *Burnham v. Superior Court of Calif.*, 495 U.S. 604, 620 (1990)).

[39] *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014).

[40] *Walden v. Fiore*, 134 S.Ct. 1115 (2014).

[41] In *Bellaire General Hospital v. BlueCross BlueShield of Michigan*, 97 F.3d 822 (5th Cir. 1996), a subsequent panel of the Fifth Circuit "dutifully applied" its own precedent [*Busch*] by affirming the Southern District of Texas' finding that it had personal jurisdiction over a Michigan corporation due to ERISA's statutory provision allowing for nationwide service of process.   The *Bellaire* court emphasized its disagreement with Fifth Circuit precedent to the extent that it "conclude[d] that the proper jurisdictional test in a national service of process case is whether minimum contacts exist between the individual and the national sovereign." *Id.* at 826. The *Bellaire* court further explained, "[w]e view personal jurisdiction and service of process as conceptually distinct issues.  We fail to apprehend how personal jurisdiction can be separated from due process by Congressional enactment of nationwide service of process provisions." Id. Although the panel in *Bellaire* questioned *Busch*, it nevertheless applied Fifth Circuit precedent and found personal jurisdiction existed over the defendant, albeit "with grave misgivings." *Id. See also*, *Luallen v. Higgs*, 277 Fed.Appx. 402, 405 (5th Cir. 2008)(unpublished)("[A]though the panel in *Bellaire* criticized *Busch*, it nonetheless 'dutifully appl[ied]' that prior panel decision, as our rules require…Likewise, we dutifully apply *Busch* and conclude that the district court properly exercised personal jurisdiction over the defendants under § 78aa based on their sufficient contacts with the United States.").

35257                                             7

In *Daimler,* the Supreme Court considered whether Daimler, through its United States subsidiary, was subject to general *in personam* jurisdiction.  The Court explained that "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."[42]  In the context of general or "all purpose" *in personam* jurisdiction, the *Daimler* Court required the corporation's in-forum contacts to be "so 'continuous and systematic' as to render [it] essentially at home in the forum State.'"[43]  In *Walden*, the Court considered the "minimum contacts" sufficient to create specific *in personam* jurisdiction and emphasized that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."[44]  Quoting *Daimler*, the Court explained that "'[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.'  This is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'"[45]

Therefore, until the Supreme Court or an *en banc* panel of the Fifth Circuit revisits this legal issue, this Court too shall continue to dutifully apply *Busch*.[46]  Accordingly, the

---

[42] *Daimler*, 134 S.Ct. at 753.

[43] *Id*. at 761 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[44] *Walden*, 134 S.Ct. at 1126.

[45] *Id*. at 1121.

[46] In a footnote, Defendants acknowledge that "[t]he Supreme Court, to date, has not yet decided whether it is constitutional to use a nationwide contacts test to find personal jurisdiction pursuant to a federal statute authorizing nationwide service."  Citing to *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 108 S.Ct. 404, n. 5 (1987)("Under Omni's theory, a federal court could exercise personal jurisdiction, consistent with the Fifth Amendment, based on an aggregation of the defendant's contacts with the Nation as a whole, rather than on its contacts with the State in which the federal court sits.  As was the case in *Asahi Metal Industry Co. v. Superior Ct. of Cal.*, '[w]e have no occasion' to consider the constitutional issues raised by this theory." *Id.*, at 113, n*).

Defendants' *Motions to Dismiss* filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, alleging lack of personal jurisdiction, shall be denied.

## III.     CONCLUSION

For the foregoing reasons, the Court denies the *Motion to Dismiss for Lack of Personal Jurisdiction* filed by Defendant Peter M. Zayfert (Rec. Doc. 56); and the *Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction* filed by Defendants, Alphonse Fletcher, Jr., Fletcher Asset Management, Inc., Denis Kiely, and Duhallow Financial Services, LLC (Rec. Doc. 57).   The Court further denies as moot Plaintiffs' *Motion to Continue Submission Date to Allow Jurisdictional Discovery to Peter Zayfert, Alphonse Fletcher, Jr., Fletcher Asset Management, Inc., Denis Kiely, and Duhallow Financial Services, LLC* (Rec. Doc. 66).

Signed in Baton Rouge, Louisiana on September 30, 2016.


**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

35257                                                      9