**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| FIREFIGHTERS' RETIREMENT SYSTEM, ET. AL. | CIVIL ACTION |
| VERSUS | 13-373-SDD-EWD |
| CITCO GROUP LIMITED, ET. AL. | |

## RULING

This matter is before the Court on the *Motions for Reconsideration*[1] filed by Defendants, Citco Banking Corporation, N.V., et al., and Citco Technology Management, Inc. The Plaintiffs, Firefighters' Retirement System, et al.[2] (collectively, the "Louisiana Funds" or "Plaintiffs") have filed an *Opposition*[3] to these motions, to which Citco Banking Corporation, N.V., et al., and Citco Technology Management Inc. have filed a *Reply*.[4] For the following reasons, the Court DENIES these motions.

**I.    FACTUAL BACKGROUND**[5]

On September 30, 2016, the Court issued a *Ruling* denying Citco Fund Services (Cayman Islands) Limited's ("CFS Cayman") 12(b)(2) motion to dismiss for lack of

---

[1] Rec. Docs. 338 and 339.
[2] Firefighters' Retirement System; Municipal Employees Retirement System of Louisiana, and New Orleans Firefighters' Pension and Relief Fund.
[3] Rec. Doc. 349.
[4] Rec. Doc. 353.
[5] The Court adopts the factual background, as it applies to the Citco Defendants, by reference to the factual background in the *Ruling* of Rec. Docs. 325 and 327.
40021

personal jurisdiction and granted and denied in part CFS Cayman's 12(b)(6) motion to dismiss for failure to state a claim for relief.[6] In a separate *Ruling*, also issued on September 30, 2016, the Court made the following determinations regarding the remaining Citco Defendants: 1) Denied Citco Technology Management, Inc.'s ("CTM") 12(b)(2) motion to dismiss; 2) Granted Citco Canada Inc.'s ("Citco Canada") and Citco Fund Services (Bermuda) Limited's ("Citco Bermuda") 12(b)(2) motion to dismiss and dismissed with prejudice the claims against Citco Canada and Citco Bermuda; 3) Granted Citco Bank Nederland N.B. Dublin Branch's ("CBN Dublin") and Citco Global Custody N.V.'s ("Citco Global Custody") motion to dismiss for lack of personal jurisdiction and dismissed with prejudice the claims against CBN Dublin and Citco Global Custody; 4) Denied Citco Banking Corporation, N.V.'s ("Citco Banking") and Citco Group Ltd.'s ("Citco Group") motion to dismiss for lack of personal jurisdiction; and 5) Granted Citco Fund Services' (Europe)("CFS Europe") motion to dismiss for lack of personal jurisdiction and dismissed with prejudice the claims against CFS Europe.[7] The Court granted CTM's, Citco Banking's, and Citco Group's 12(b)(6) motion as to Counts One (with respect to liability under La. R.S. 51:712(D) only), Two, and Three of Plaintiffs' claims and denied their 12(b)(6) claims in all other respects.[8] Accordingly, Count One, (claims under La. R.S. 51:712(D), Count Two (claims of Unjust Enrichment), and Count Three, (claims of Unfair Trade Practices) were dismissed with prejudice.[9]

---

[6] Rec. Doc. 327, p. 11.
[7] See Rec. Doc. 325, pp. 35-36.
[8] *Id.* at pp. 36-37.
[9] *Id.* at 37.

On November 16, 2016, CTM filed a *Motion for Reconsideration* pursuant to Federal Rule of Civil Procedure 54(b) alleging the Court committed manifest errors in its *Ruling* because it denied CTM's seller and control person liability, negligent misrepresentation, and holder claims.[10] Citco Banking, et al. also filed a *Motion for Reconsideration* pursuant to Federal Rule of Civil Procedure 54(b) alleging the Court committed manifest errors in its *Ruling* because the Court denied its negligent misrepresentation, and holder claims.[11] The Plaintiffs have opposed these motions.[12]

## II. LAW AND ANALYSIS

### A. Motion for Reconsideration

FRCP 54(b) grants the Court discretion to reconsider interlocutory orders and rulings. "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be under a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."[13] Though less exacting, courts have looked to the grounds for reconsideration under other procedure rules for guidance.[14]

Looking to Rule 59(e) for guidance, there are three grounds for altering or amending a judgment): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."[15] A motion to alter or amend "serves 'the narrow purpose of

---

[10] Rec. Doc. 339, p. 1.
[11] Rec. Doc. 338-1, p. 1.
[12] Rec. Doc. 349.
[13] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475 (M.D. La. Sep. 23, 2002).
[14] *Bragg v. Robertson,* 183 F.R.D. 494, 496 (S.D.W.Va.1998*); Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475 (M.D. La., 2002)
[15] *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008).
40021

allowing a party to correct manifest errors of law or fact or to present newly discovered evidence' and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment.'"[16] The Court "must strike a proper balance between two competing interests: the need to bring litigation to an end and the need to render just decisions."[17]

The Court finds that CTM and Citco Banking, et al. have failed to satisfy the standards set forth above, even when considered under the less exacting Rule 54(b) standard. Citco Banking, et al.'s argument that the Court overlooked the negligent misrepresentation and holder claims in its *Ruling* does not compel a different result, and Citco Banking, et al.'s offered jurisprudential support does not suggest that the Court was clearly erroneous in denying CTM's 12(b)(6) motion. Likewise, CTM's argument that the Court overlooked their argument that the *Petition* "lacks any factual allegations whatsoever that *CTM itself* was involved with any of the conduct at issue"[18] in its *Ruling* does not mandate a different result or suggest that the Court was clearly erroneous in its *Ruling*.

**B. Citco Banking, et al.'s Motion for Reconsideration**

Citco Banking, et. al's motion alleges the Court's holding was clearly erroneous because "the Court appears to have overlooked [the fact that the negligent misrepresentation and holder claims are derivative and that Plaintiffs lack standing to

---

[16] *Knight v. Kellogg Brown & Root Inc.*, 333 Fed. Appx. 1, 8 (5th Cir. 2009)(quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).
[17] *Livingston Downs Racing Ass'n*, 259 F.Supp. 2d at 476 (quoting *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994)).
[18] Rec. Doc. 339-1, p. 2.
40021

bring them]."[19] To the extent that the Court did not specifically address Citco Banking, et. al's argument that the Louisiana Funds' holder and negligent misrepresentation claims are derivative and, therefore, the Louisiana Funds lack standing to bring the claims, the Court herein addresses and rejects that argument.

Citco Banking, et al. argue that "[n]umerous cases have held that this type of claim is a derivative claim, not a direct claim."[20] The assertion is overly simplistic and fails to recognize the nature of a derivative claim. To assert that the Louisiana Funds' claims are derivative begs the question: derivative to whom? According to the *Petition*, in April 2008 the Louisiana Funds[21] purchased $100 million of Series N shares in Leveraged.[22] The *Petition* alleges that Leveraged was liquidated by order of the Cayman Island Courts resulting in the Louisiana Funds' loss of their entire investment.[23] Plaintiffs, Louisiana Funds, bring state law securities claims alleging misrepresentations and omissions made in connection with their purchase of the Series N shares offer by Leveraged. The Louisiana Funds were the purchasers of the security at issue, the N Series shares in Leveraged. The Louisiana Funds sustained injury allegedly as a result of misrepresentations regarding the value of Leveraged. This is not a claim by the individual retirement plan participants; it is claim by the pension funds, the purchasers of the securities at issue. Hence, if the Plaintiffs' pension funds claims are derivative, as argued by Citco Banking, et al., the question is: to whom are the claims derivative? It was certainly

---

[19] Rec. Doc. 338-1, p. 2.
[20] Rec. Doc. 156-1, p. 17.
[21] Firefighters' Retirement System; Municipal Employees Retirement System of Louisiana and New Orleans Firefighters' Pension and Relief Fund, defined benefit pension plans covering various municipal employees.
[22] Rec. Doc. 1-3, ¶ 34.
[23] Rec. Doc. 1-3, ¶¶ 44, 45.
40021

not to Leveraged. Leveraged received financial benefit in the form of a $100 million investment. A derivative claim is a claim of injury which is derivative to another's injury.

The *Broyles v. Cantor Fitzgerald & Co.*[24] case cited by Citco Banking, et al. is inapplicable to the facts of this case. In *Broyles*, the plaintiffs were individuals and pension funds whose investments were aggregated as part of pooled asset hedge funds. The hedge funds then invested in mortgage-backed securities which failed. The court in *Broyles* held that the hedge funds were the real parties in interest because the hedge funds were the purchasers of the securities.[25] In *Broyles*, the "Plaintiffs were injured because of their ownership of shares in the funds, and Plaintiffs 'cannot prove [their] injury without also simultaneously proving an injury to the [Funds].'"[26] These are not the facts, as pled, in this case. Taking the allegations of the *Petition* as true, Louisiana Funds purchased Series N Shares in Leveraged. Leveraged subsequently failed and was liquidated, resulting in the Louisiana Funds' loss of their investments. As pled, this is not a derivative claim.

This Court ruled that the Plaintiffs' allegations of "numerous representations, [by the Citco Defendants] taken as true, state a plausible claim for negligent misrepresentation."[27] On the holder claims, the Court is unable to conclude that there is no plausible basis, as a matter of law, for a holder claim under Louisiana law. [28] As addressed herein, the Court rejects the argument that the Plaintiffs' claims are derivative

---

[24] 10-864, 10-857, 2013 WL 1681150, at * (M.D. La. Apr. 17, 2013).
[25] *Id.* at *10.
[26] *Id.* at *9.
[27] Rec. Doc. 325, p. 35.
[28] *Id.* at p. 35.
40021

thereby defeating standing. Accordingly, Citco Banking, et al.'s *Motion for Reconsideration* of Plaintiffs' negligent misrepresentation and holder claims is DENIED.[29]

### C. CTM's Motion for Reconsideration

CTM also seeks reconsideration of the Court's denial of its 12(b)(6) motion to dismiss Plaintiffs' seller and control person liability, negligent misrepresentation, and holder claims. CTM argues that the Court did not consider CTM's additional arguments that there were no specific allegations in the *Petition* as to how CTM was a substantial factor in the sale of the relevant securities and an alleged implausibility in attaching control person liability to CTM given the lack of specific facts.[30] The Court examined and held that Plaintiffs have sufficiently pled their seller and control personal liability claim as it relates to CTM being a substantial factor in the sale of the securities.[31] CTM argues that the discrepancy between Plaintiffs' pleading and the "Offering Memorandum," which identifies CFS Cayman as the fund administrator, requires the Court to reconsider its *Ruling*.[32] The Court examined this discrepancy and found as follows:

> It is not lost on the Court that this allegation conflicts with the allegations in paragraphs 9 and 20, *inter alia*, of the complaint wherein plaintiffs quote the Offering Memorandum which specifies that "Citco Fund Services (Cayman Islands) Limited" is the Administrator. However, a "well-pleaded complain may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"[33]

CTM cites *Scott v. Performance Contractors, Inc.* for the proposition that, "when

---

[29] Rec. Doc. 339.
[30] *See* Rec. Doc. 339-1, pp. 4-5.
[31] Rec. Doc. 325 pp. 29-30.
[32] *See* Rec. Doc. 339-1, p. 6, n. 2.
[33] Rec. Doc. 325, p. 27, n. 142 (quoting *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955, 1965, 550 U.S. 544, 556 (2007)).
40021

conclusions of fact made in the complaint are contradicted by an attached exhibit, the appended document controls and dismissal is appropriate."[34] The *Scott* case is distinguishable from the instant case for several reasons. First, *Scott* involved a plaintiff citing the incorrect date of filing of an EEOC complaint in her pleading but attaching an exhibit that showed the correct date.[35] In *Scott*, the court held that the date in the exhibit controlled.[36] The Court is not examining a date discrepancy between the pleading and a document incorporated by reference. The Court is examining a discrepancy **within** the pleading. Accordingly, the jurisprudence[37] cited by CTM is factually inapposite. CTM's *Motion for Reconsideration* of the Court's *Ruling* on Plaintiffs' seller and control person liability claims is DENIED.

CTM also argues that the Court should reconsider its *Ruling* regarding Plaintiffs' negligent misrepresentation claim because "the Petition fails to allege that CTM provided *any* statements or representations to Plaintiffs."[38] The *Ruling* specifically states that the *Petition* "alleges numerous representations by the Citco Defendants, based on which the Plaintiffs invested."[39] CTM does not dispute that it is a Citco Defendant. The Court considered all arguments of counsel and applied the law thereto in its *Ruling*. CTM presents no new facts or controlling jurisprudence in support of its motion. Absent a showing of clear error, or new facts or controlling jurisprudence to prevent manifest injustice, the Court cannot grant a motion for reconsideration. Accordingly, CTM's *Motion*

---

[34] Rec. Doc. 339-1, p. 6, n. 2 (quoting *Scott v. Performance Contractors, Inc.*, 166 F.R.D. 372, 374 (M.D. La. 1996).
[35] *Scott v. Performance Contractors, Inc.*, 166 F.R.D. 372 (M.D. La. 1996).
[36] *Id.*
[37] *See* Rec. Doc. 339-1, p. 6, n. 2 (*see also Nitimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).
[38] Rec. Doc. 339-1, p. 7 (emphasis original).
[39] Rec. Doc. 325, p. 34.
40021

*for Reconsideration* of the Court's *Ruling* on Plaintiffs' negligent misrepresentation claim is DENIED.

CTM's remaining argument urges the Court to reconsider its *Ruling* denying its dismissal of Plaintiffs' holder claims. Specifically, CTM argues that the Court "appears to have overlooked the additional dispositive argument CTM raised in its motion to dismiss, namely, that even in the few jurisdictions in which holder claims are recognized, there must be 'some kind of direct communication or privity and actual reliance' pleaded."[40] This argument was previously considered by the Court in its *Ruling*.[41] CTM presents no new facts or controlling jurisprudence in support of its motion. Absent a showing of clear error, or new facts or controlling jurisprudence to prevent manifest injustice, the Court cannot grant a motion for reconsideration. Accordingly, CTM's *Motion for Reconsideration* of the Court's *Ruling* on Plaintiffs' holder claim is DENIED.

---

[40] Rec. Doc. 339-1, p. 8.
[41] Rec. Doc. 325, pp. 34-35.
40021

### III. CONCLUSION

For the above reasons, Citco Banking Corporation, N.V., et al's *Motion for Reconsideration* is DENIED.[42] Citco Technology Management Inc.'s *Motion for Reconsideration* is also DENIED.[43]

Signed in Baton Rouge, Louisiana on August 8, 2017.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[42] Rec. Doc. 338.
[43] Rec. Doc. 339.
40021