**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


FIREFIGHTERS' RETIRMENT                                    CIVIL ACTION
SYSTEM, ET AL.


VERSUS                                                     13-373-SDD-EWD


CITCO GROUP LIMITED, ET. AL.

## RULING

The matter before the Court is the *Motion to Dismiss Citco Fund Services (Suisse) S.A.*[1] filed by co-defendant, Citco Fund Services (Cayman Islands) Ltd. ("CFS Cayman Islands") purportedly on behalf of Citco Fund Services (Suisse) S.A. ("CFS Suisse"). The Plaintiffs, Firefighters' Retirement System, et al. ("Plaintiffs") have filed an *Opposition*[2] to this motion, to which CFS Cayman Islands, again purportedly on behalf of CFS Suisse, has filed a *Reply*.[3] For the following reasons, the Court finds that CFS Cayman Islands lacks standing to proceed representationally on behalf of CFS Suisse and, accordingly, the Motion is DENIED.

## I. FACTUAL BACKGROUND[4]

The Motion, filed by CFS Cayman, seeks relief on behalf of a co-defendant CFS Suisse. CFS Suisse was named as a Defendant in the present case in Paragraph 2(C)

---

[1] Rec. Doc. 365.
[2] Rec. Doc. 366.
[3] Rec. Doc. 370.
[4] The Court adopts the factual background, as it applies to the Citco Defendants, by reference to its factual background in *Ruling* at Rec. Docs. 325 and 327.
40555

of Plaintiffs' *Petition.*[5]   CFS Cayman Islands moves for dismissal of co-defendant CFS

Suisse on the grounds of insufficient service of process.[6]   The Plaintiffs have opposed

this motion.[7] The Motion is not properly before the Court and as such shall be DENIED.

CFS Cayman Islands lacks the procedural capacity to move this Court for relief as to a

co-defendant, in this case, CFS Suisse.

## II.     LAW AND ANALYSIS - CFS Cayman Islands' Representative Capacity to Seek Relief on Behalf of CFS Suisse

The Southern District of Texas examined a factually similar situation in *Lopez v.*

*Countrywide Mortgage.*[8]   In *Lopez*, Countrywide, a defendant, moved to dismiss a co-

defendant, Barrett Burke ("Burke"), "because Plaintiff failed to serve Burke with 120 days,

as required by [FRCP] 4(m)."[9] The court in *Lopez* dismissed Countrywide's motion to

challenge service on behalf of Burke stating, "Countrywide has cited no authority, and the

Court has found none, to support Countrywide's standing to challenge service on behalf

of another defendant."[10]   Similarly, in this case, CFS Cayman Islands is challenging

service on behalf of CFS Suisse, a co-defendant.  The only authority that CFS Cayman

cites for its representational capacity to proceed on behalf of CFS Suisse is found in

Footnote 1 of its Memo which reads: "The Court's Scheduling Conference Report and

Order dated December 14, 2016 sets a deadline for '*any party* to file a motion to dismiss

---

[5] Rec. Doc. 1-3, p. 3.

[6] CFS Cayman Islands moves for dismissal of co-defendant CFS Suisse pursuant to FRCP 12(b)(5) asserting that service of process was insufficient because CFS Suisse was not a legal entity capable of being served when Plaintiffs attempted service under the Hague Convention in June 2013. Rec. Doc. 370, p. 2.

[7] Rec. Doc. 366.

[8] 06-cv-116, 2008 WL 910073 at *1 (S.D. Tx. Apr. 2, 2008).

[9] *Id.* at *3.

[10] *Id.* The *Lopez* court also stated: "Further, at this time, the issue has become moot because [Burke] has been served and answered in this action."

40555

these entities.' (ECF No. 356 at 3)(emphasis added). Citco Fund Services (Cayman Islands) Ltd. has relevant information and is therefore filing this motion to dismiss."[11] CFS Cayman Islands' reliance on this order does not confer capacity to act on behalf of a co-defendant.

The United States District Court for the Southern District of Mississippi in *Spillers v. Tillman* examined whether a party may move for relief on behalf of a co-defendant.[12] In *Spillers* an attorney for Tillman, a defendant, filed a notice of removal on behalf of both Tillman and the co-defendant Hospital.[13] The Notice of Removal pleading was signed by counsel for Tillman, and the court noted that "the Notice [of Removal] does not state that [the attorney] is authorized to act for the [co-defendant] Hospital."[14] The plaintiffs in *Spillers* filed a motion to remand alleging that the Hospital failed to join in the consent to removal within the 30 day period required by law.[15] In granting the plaintiffs' motion to remand, the *Spillers* court held: "[Federal Rule of Civil Procedure] 11 does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented."[16]

In the present case, CFS Suisse has made no appearance and has no counsel of record. Counsel for CFS Cayman Islands does not purport to represent CFS Suisse. "[T]he meaning of Rule 11 is clear: 'one attorney of record' refers to each individual

---

[11] Rec. Doc. 365, p. 1.
[12] *Spillers v.Tillman*, 96-cv-157, 959 F.Supp. 364, 367 (S.D. Miss. Mar. 17, 1997).
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.* at 370 (citing *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D. Va. Jul. 23, 1992)).
40555

defendant and not to the defendants collectively."[17]  Counsel who filed the present motion represents CFS Cayman Islands, not CFS Suisse.

CFS Cayman lacks capacity to move for relief on behalf of co-defendant CFS Suisse. There is no motion before the Court, submitted by CFS Suisse, in conformance with Rule 11 of the Federal Rules of Civil Procedure. Accordingly the *Motion* of CFS Cayman, is DENIED with prejudice.

## III.   CONCLUSION

For the above reasons, CFS Cayman Islands' *Motion to Dismiss Citco Fund Services (Suisse) S.A.* is DENIED.[18]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 14, 2017</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] *Id.* at 370.
[18] Rec. Doc. 338.
40555