# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**FIREFIGHTERS' RETIREMENT**
**SYSTEM, ET AL.**

**VERSUS**

**CITCO GROUP LIMITED, ET AL.**

**CIVIL ACTION**

**13-373-SDD-EWD**

## NOTICE AND ORDER

Before the court are: (1) The Louisiana Funds' Motion to Continue Submission Date on Motion to Compel Privileged Documents or Alternative Motion to Compel Privileged Documents ("Plaintiffs' Motion to Compel");[1] and (2) Citco's Motion to Compel Production of Documents Withheld Pursuant to Plaintiffs' Privilege Log ("Defendants' Motion to Compel").[2] Both motions challenge the sufficiency of the privilege logs and seek to compel production of documents for which each party has claimed privilege. Both motions were discussed during the December 12, 2017 status conference and taken under advisement.[3] Based on further review, the undersigned finds that additional information is necessary to rule on the two Motions to Compel.

Regarding Plaintiffs' Motion to Compel, Defendants have previously submitted a revised Exhibit 1 "describing privileged communications sent by Citco employees to in-house counsel…."[4] However, it does not appear that Exhibit 1 distinguishes between documents (1) that were sent to in-house counsel or that instead (2) on which in-house counsel was only carbon copied. Additionally, although some of the individuals named on Defendants' privilege log have

---

[1] R. Doc. 481.

[2] R. Doc. 483.

[3] *See*, R. Doc. 506.

[4] R. Docs. 499-2 & 499-3.

1

been previously identified, the undersigned's review would be assisted by the provision of a chart setting out the position and/or function of each individual named on the Defendants' privilege log.[5]

Regarding Defendants' Motion to Compel, the entries still at issue reference "Mourant" or "Mouvant,"[6] "MTBA," and "UCBI."[7] Other entries improperly list the author as "LA Funds" or "NOFF employee." *See*, *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, Civil Action No. 12-2071, 2014 WL 295053, ay * 6 (E.D. La. Jan. 27, 2014) (ordering defendant to either produce documents or provide a supplemental log as to 12 entries that identified only entities in the "to" and "from" column); *Chemtech Royalty Associates, L.P. v. U.S.*, Civil Action Nos. 05-944, 06-258, 07-405, 2009 WL 854358, at * 5 (M.D. La. March 30, 2009) (finding privilege log that, *inter alia*, listed the author of certain documents as "'Dow Chemical Company,' which is an entity and not an individual" was insufficient and requiring plaintiff to provide a revised privilege log).

Accordingly,

---

[5] Based on the undersigned's review of the revised log entries, R. Docs. 499-3 through 499-10, it appears that certain entries appear on multiple exhibits (*i.e*., there is some overlap between entries listed on Exhibits 1 through 4(a)-(e)). The undersigned's request herein is for a chart setting out the identity and position and/or function of any individual listed on Exhibits 1 through 4(a)-(e) in the "from," "to," or "CC" column.

[6] One of the log entries states that this is a "third party lawfirm." R. Doc. 507, Exhibit A. In opposition to Defendants' Motion to Compel, Plaintiffs submitted a list of attorneys and law firms that performed work for Plaintiffs. R. Doc. 496, pp. 5-6. "Mourant" and/or "Mouvant" is not included on that list and therefore it is unclear whether this law firm was representing one of the Plaintiffs or an unrelated third party.

[7] Defendants' Motion to Compel was discussed during the December 12, 2107 status conference. During the conference, counsel for the Citco Defendants stated that after reviewing Plaintiffs' most recent revisions to Plaintiffs' privilege log, the Citco Defendants believed the descriptions for approximately 15-25 of the entries were still deficient. The Citco Defendants agreed to send a letter to Plaintiffs' counsel on December 13, 2017 setting forth the entries which the Citco Defendants believed to be deficient, and Plaintiffs were to revise those entries or inform the Citco Defendants that no further revisions would be made by Friday, December 15, 2017. The court ordered the parties to submit a joint letter on December 18, 2017 setting out the entries on Plaintiffs' privilege log that are still at issue. On December 18, 2017, the parties submitted the requested letter. R. Doc. 507. Rather than clarifying which entries are still at issue, the December 18, 2017 correspondence only serves to muddy the waters because the parties "disagree about what entries remain at issue." While Defendants have submitted a new Exhibit A setting out 19 entries Defendants assert remain at issue, Plaintiffs contend that only three of those entries remain at issue. As the new Exhibit A supplements and modifies Defendants' Motion to Compel, the undersigned considers all entries as set forth in R. Doc. 507, Exhibit A to be at issue.

**IT IS HEREBY ORDERED** that, on or before Friday, December 29, 2017, the Citco Defendants shall submit: (1) a revised Exhibit 1[8] that distinguishes between documents which were sent to in-house counsel or instead on which in-house counsel was only carbon copied; and (2) a chart setting out the position and/or function of each individual named in the Defendants' privilege log.[9]

**IT IS FURTHER ORDERED** that, on or before Friday, December 29, 2017, Plaintiffs shall submit a revised Exhibit A that explains all acronyms used therein (including "MTBA" and "UCBI") as well as the role of "Mourant"/"Mouvant" and which revises, if possible, entries currently naming "LA Funds" or "NOFF employee" as author.

Signed in Baton Rouge, Louisiana, on December 20, 2017.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[8] 499-3.

[9] R. Docs. 499-3 through 499-10.