**FIREFIGHTERS' RETIREMENT**
**SYSTEM, ET AL.**

**CIVIL ACTION**

**VERSUS**

**13-373-SDD-EWD**

**CITCO GROUP LIMITED, ET AL.**

## RULING AND ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD PURSUANT TO PLAINTIFFS' PRIVILEGE LOG

Before the court is a Motion to Compel Production of Documents Withheld Pursuant to Plaintiffs' Privilege Log (the "Motion to Compel") filed by defendants, Citco Technology Management, Inc. ("CTM"), Citco Banking Corporation N.V. ("Citco Banking"), Citco Fund Services (Cayman Islands) Limited ("CFS Cayman"), and The Citco Group Limited ("Citco Group") (collectively, the "Citco Defendants").[1]  Plaintiffs, Firefighters' Retirement System ("FRS"), Municipal Employees' Retirement System of Louisiana ("MERS"), and New Orleans Firefighters' Pension & Relief Fund ("NOFF") (collectively, "Plaintiffs"), have filed an Opposition to the Motion to Compel.[2]  For the reasons set forth herein, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

### I.  Background

By their instant Motion to Compel,[3] the Citco Defendants originally asked this court to compel production of certain documents listed on Plaintiffs' privilege log.  The Citco Defendants classified documents to be compelled into three exhibits[4] and argued that Plaintiffs should either

---

[1] R. Doc. 483.

[2] R. Doc. 496.

[3] R. Doc. 483.

[4] The original Exhibit A consisted of entries which the Citco Defendants contended were insufficient to establish privilege because they contained either a generic name ("NOFF Employee" or "LA Funds") or nothing at all in the author and/or recipient field.  R. Doc. 483-3.  The original Exhibit B identified documents that the Citco Defendants

be ordered to produce "the documents for which they are unable or unwilling to provide adequate descriptions or, in the alternative, to submit a revised privilege log…."[5]  In response to the Motion to Compel, Plaintiffs filed an opposition asserting that they: (1) produced 46 documents "either prior to or concurrent with the filing of this motion," (2) produced 22 redacted documents; and (3) of the remaining 91 documents at issue "to the extent possible," sent revised entries to the Citco Defendants on November 20, 2017.[6]  Plaintiffs asserted that all of the redacted portions of documents on their privilege log, and the 91 remaining documents were "privileged because the document is between an employee of the Louisiana Funds and the indicated attorneys which either seek or give legal advice or opinions directly related to the Fletcher litigation."[7]  In conjunction with their opposition, Plaintiffs provided charts setting out Plaintiffs' employees as well as attorneys employed by Campbells or Diamond McCarthy.[8]

The Motion to Compel was discussed during the December 12, 2017 status conference. During the conference, counsel for the Citco Defendants stated that after reviewing Plaintiffs' most recent revisions to Plaintiffs' privilege log, the Citco Defendants believed the descriptions for

---

asserted did not indicate whether the withheld document reflected a request for the provision of legal advice or was created in anticipation of litigation (as examples, the Citco Defendants asserted that entries such as "email re draft minutes," "email re: public records request," and "handwritten notes re Fletcher conference call" were inadequate and did not convey whether the document was prepared in anticipation of litigation or was made for the purpose of obtaining legal advice). R. Doc. 483-4.  Finally, original Exhibit C consisted of entries with descriptions that the Citco Defendants argued were so generic that they did not adequately disclose the nature of the document withheld. R. Doc. 484-5.

[5] R. Doc. 483-1, p. 7.

[6] R. Doc. 496, pp. 1-2.

[7] Within their opposition to the Motion to Compel, Plaintiffs provided charts showing the names of Plaintiffs' employees and attorneys (along with the firm employing the attorney).  R. Doc. 496 pp. 5-7.

[8] R. Doc. 496, pp. 5-6.  Plaintiffs explained in their opposition that "Campbells is a Cayman Islands law firm that was retained by the Louisiana Funds on October 10, 2011 in connection with the Louisiana Funds' attempts to redeem its investment in Leveraged.  Diamond McCarthy is a New York law firm retained by the Louisiana Funds on August 27, 2012, in connection with the Fletcher bankruptcy proceedings in New York."  R. Doc. 496, p. 6.  In addition to these two law firms, Plaintiffs also identified other law firms and attorneys which provided legal services to one or all of the Plaintiffs.  R. Doc. 496, pp. 6-7.

approximately 15-25 of the entries were still deficient. The Citco Defendants agreed to send a letter to Plaintiffs' counsel on December 13, 2017 setting forth the entries which the Citco Defendants believed to be deficient, and Plaintiffs were to revise those entries or inform the Citco Defendants that no further revisions would be made by Friday, December 15, 2017. The court ordered the parties to submit a joint letter on December 18, 2017 setting out the entries on Plaintiffs' privilege log that are still at issue. On December 18, 2017, the parties submitted the requested letter.[9] Rather than clarifying which entries were still at issue, the December 18, 2017 correspondence only muddied the waters because the parties "disagree[d] about what entries remain at issue." While the Citco Defendants submitted a new Exhibit A setting out 19 entries purportedly at issue, Plaintiffs contended that only three of those entries remained contested.

On December 20, 2017, the undersigned issued a Notice and Order explaining that because the new Exhibit A supplements and modifies the Citco Defendants' Motion to Compel, all entries as set forth in R. Doc. 507, Exhibit A were considered to still be at issue.[10] In the Notice and Order, the court requested additional information in order to rule on the Motion to Compel. Specifically, the court explained that the entries still at issue referenced "Mourant" or "Mouvant,"[11] "MTBA," and "UCBI." Other entries improperly listed the author as "LA Funds" or "NOFF employee." *See*, *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, Civil Action No. 12-2071, 2014 WL 295053, ay * 6 (E.D. La. Jan. 27, 2014) (ordering defendant to either produce documents or provide a supplemental log as to 12 entries that identified only entities in the "to"

---

[9] R. Doc. 507.

[10] R. Doc. 508.

[11] One of the log entries states that this is a "third party lawfirm." R. Doc. 507, Exhibit A. As noted above, in opposition to Defendants' Motion to Compel, Plaintiffs submitted a list of attorneys and law firms that performed work for Plaintiffs; however, "Mourant" and/or "Mouvant" was not included on that list and therefore it was unclear whether this law firm was representing one of the Plaintiffs or an unrelated third party.

and "from" column); *Chemtech Royalty Associates, L.P. v. U.S.*, Civil Action Nos. 05-944, 06-258, 07-405, 2009 WL 854358, at * 5 (M.D. La. March 30, 2009) (finding privilege log that, *inter alia*, listed the author of certain documents as "'Dow Chemical Company,' which is an entity and not an individual" was insufficient and requiring plaintiff to provide a revised privilege log). Accordingly, the court ordered Plaintiffs to submit a revised Exhibit A that explained all acronyms used therein (including "MTBA" and "UCBI") as well as the role of "Mourant"/"Mouvant" and which revised, if possible, entries naming "LA Funds" or "NOFF employee" as author.[12]

On December 29, 2017, Plaintiffs submitted their revised log.[13] By cover letter attached to that revised log, Plaintiffs explained that "'MBTA' is the Massachusetts Bay Transportation Retirement Fund" and asserted that MBTA, along with FRS, MERS, and NOFF were the "ultimate victims of this fraud."[14] Plaintiffs further explained that "UCBI is United Community Banks, Inc. and Mourant Ozannes is the Cayman law firm who represented the Fletcher entities in the spring of 2012 (after the Louisiana Funds had hired Campbells). Specifically, Plaintiffs hired Campbells to communicate directly with Mourant Ozannes as opposing counsel."[15] Finally, Plaintiffs explained that "[a]s to the entries where a document was authored by "LA Funds," the document was created jointly by Steven Stockstill, Bob Rust, and Ritchie Hampton. The redacted portion of the document describes the contents of conversations held by one of the three gentlemen, if not all three as representatives of their organizations."[16] As set forth in Plaintiffs' December 29, 2017 submission, log entry numbers 979, 1180, 1184, 1220, 1726, 1985, 2231, 2508, 2518, 2582, 2601,

---

[12] R. Doc. 508.

[13] R. Doc. 511. The December 29, 2017 revised log refers to MBTA rather than MTBA.

[14] R. Doc. 511, p. 2 n. 2.

[15] R. Doc. 511, p. 2.

[16] R. Doc. 511, p. 2. Per Plaintiffs' chart, Mr. Stockstill is employed by FRS, Mr. Rust is employed by MERS, and Mr. Hampton is employed by NOFF. R. Doc. 496, p. 5.

2756, 3004, 3025, 3028, 3033, 3386, 3389, and 3392 remain at issue by the Citco Defendants'

Motion to Compel.[17]  Plaintiffs have claimed both the attorney client and work product privileges

protect certain documents (or portions of documents) from disclosure.[18]

## II.     Law and Analysis

### A.  Legal Standards

#### i.  Attorney Client Privilege

Rule 501 of the Federal Rules of Evidence requires a federal court sitting in diversity to

apply the appropriate state's law concerning the scope and application of the claimed attorney-

client privilege.  The Louisiana Code of Evidence states:

> A client has a privilege to refuse to disclose, and to prevent another
> person from disclosing, a confidential communication ... made for
> the purpose of facilitating the rendition of professional legal services
> to the client, as well as the perceptions, observations, and the like,
> of the mental, emotional, or physical condition of the client in
> connection with such a communication....

La. Code Evid. art. 506(B).  Under Louisiana law, the party asserting the privilege has the burden

of proving its applicability.  *Smith v. Kavanaugh, Pierson & Talley*, 513 So.2d 1138, 1143 (La.

Sept. 9, 1987).

In *Equal Employment Opportunity Commission v. BDO USA, LLP*, 2017 WL 5494237 (5th

Cir. Nov. 16, 2017), the Fifth Circuit left the initial determination regarding whether the privilege

log was sufficient to the district court on remand, and set forth some general rules regarding the

assertion of privilege.  The court explained that "[f]or a communication to be protected under the

privilege, the proponent 'must prove: (1) that he made a *confidential* communication; (2) to a

---

[17] These entries are reproduced later in this Ruling and Order.

[18] The Exhibit A attached to the parties' joint December 18, 2017 submission included a column indicating the privilege claimed for each log entry.  *See*, R. Doc. 507.  The most recent revision of Plaintiffs' privilege log does not include this column, and the undersigned has assumed that the information regarding what privilege has been claimed as set forth in the December 18, 2017 chart is correct.

lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'" *Id.* at * 3 (citing *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). *See also*, *Swoboda v. Manders*, 2016 WL 2930962, at * 5, n. 41 (M.D. La. May 19, 2016) (recognizing that not all communications between an attorney and his client are privileged, "'[f]or example, no privilege attaches when an attorney performs investigative work in the capacity of an insurance claims adjuster, rather than as a lawyer.'") (citing *In re Allen*, 106 F.3d 582, 602 (4th Cir. 1997)); *U.S. v. Davis*, 636 F.2d 1028, 1043 (5th Cir. 1981) (explaining that work papers produced by an attorney in the course of preparing client's tax returns were not privileged "because although preparation of tax returns by itself may require some knowledge of the law, it is primarily an accounting service. Communications relating to that service should therefore not be privileged, even though performed by a lawyer."). Likewise, the attorney client privilege does not extend to materials assembled in the ordinary course of business, or which provide purely factual data. *See*, *U.S. v. Louisiana*, Civil Action No. 11-470, 2015 WL 4619561, at * 5 (M.D. La. July 31, 2015).[19]

### ii. Work Product Privilege

Pursuant to Fed. R. Civ. P. 26(b)(3)(A), "[o]rdinarily, a party may not discover documents and tangible things that are *prepared in anticipation of litigation* or for trial by or for another party *or its representative* (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.)" (emphasis added). However, such materials may be discovered if "(i) they are

---

[19] As set forth above, Louisiana law must govern the court's determination regarding the applicability of the attorney client privilege. However, this court has explained that federal law is instructive, "given the 'federal common law and Louisiana statutory law are materially similar concerning the attorney-client privilege.'" *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, Civil Action No. 11-633, 2014 WL 29451, at * 6, n. 7 (M.D. La. Jan. 3, 2014) (citing *Akins v. Worley Catastrophe Response, LLC*, No. 12–2401, 2013 WL 796095, at *11 (E.D. La. March 4, 2013); *Soriano v. Treasure Chest Casino, Inc.*, No. 95–3945, 1996 WL 736962, at *2 (E.D. La. Dec. 23, 1996) (federal "common law and Louisiana statutory law are materially similar in this case in regards to attorney-client privilege")).

otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id*. "The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation." *Colony Ins. Co. v. NJC Enterprises, LLC*, 2013 WL 1335737, at *2 (M.D. La. April 1, 2013).

"It is not dispositive that some documents were not prepared by attorneys. Rule 26(b)(3) protects from discovery documents prepared by a party's agent, as long as they are prepared in anticipation of litigation." *Naquin v. UNOCAL Corp.*, 2002 WL 1837838, at *7 (E.D. La. Aug. 12, 2002). *See also*, *Southern Scrap Metal Co. v. Fleming*, 2003 WL 21474516, at * 6 (E.D. La. June 18, 2003) ("The [work product] doctrine protects not only materials prepared by a party, but also materials prepared by a co-party, or representative of a party, including attorneys, consultants, agents, or investigators."); *Colony Ins. Co. v. NJC Enterprises, LLC*, 2013 WL 1335737, at *2 (M.D. La. April 1, 2013) (same). However, "[t]he work-product doctrine does not protect materials assembled in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes." *Colony Ins. Co. v. NJC Enterprises, LLC*, 2013 WL 1335737, at *2 (M.D. La. April 1, 2013). While "[w]ork product protection extends to documents and tangible things that are prepared in anticipation of litigation by a party or its representative, [the privilege] does not extend to the underlying relevant facts or to documents assembled in the ordinary course of business." *Williams v. United States Environmental Services, LLC*, 2016 WL 617447, at *4 (M.D. La. Feb. 16, 2016).

### B. Sufficiency of Plaintiffs' Privilege Log

The party claiming the privilege bears the burden of proof, and this is a highly fact-specific inquiry. *BDO*, 2017 WL 5494237, at * 3. Ambiguities with respect to whether the elements of a

privilege claim have been met are construed against the proponent of the privilege. *Id*. Once the privilege is established, the burden shifts to the party seeking the documents to prove an applicable exception. *Id*. Pursuant to Local Civil Rule 26(c):

> A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: **nam**e of the document, electronically stored information, or tangible things; **description** of the document, electronically stored information, or tangible thing, which description must **include each requisite element of the privilege** or protection asserted; **date**; **author**(s); **recipient**(s); and **nature of the privilege**.

Emphasis added. "[A] privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim" and "courts have stated that simply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege." *Id*. (internal citations omitted). "The standard for testing the adequacy of the privilege log is whether, as to each document, the entry sets forth facts that 'would suffice to establish each element of the privilege or immunity that is claimed.' The focus is on the specific descriptive portion of the log, and 'not on conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be discharged by mere conclusory' assertions. *Chemtech Royalty Associates, L.P. v. U.S.*, Civil Action Nos. 05-944, 06-258, 07-405, 2009 WL 854358, at * 3 (M.D. La. March 30, 2009) (internal citations omitted). *See also*, *U.S. v. Louisiana*, Civil Action No. 11-470, 2015 WL 2453719, at * 1 (M.D. La. May 22, 2015) (same). "Objections based on the attorney client privilege or work product doctrine "can only be sustained if they are both properly asserted and the facts supporting the privileges are established by the evidence, not merely declared by lawyer argument." *U.S. v. Louisiana*, 2015 WL 2453719, at * 2 (citing *Estate of Manship v. U.S.*, Civil Action No. 04-91, 232 F.R.D. 552, 561 (M.D. La. Dec. 8,

2005). "The party claiming the privilege must 'describe those documents to the best of its ability without revealing the information privileged.'" *Id.*

Citco agrees that "[a] privilege log must include sufficient information to enable the other party to assess the claim of privilege over otherwise discoverable documents that are being withheld on the basis of privilege."[20] Citco contends that a privilege log must identify basic information, including the date, author, recipients, and nature of the privilege, and should describe the subject matter with enough specificity so that the claim of privilege can be evaluated. Following additional discussion between the parties, and as explained above, the undersigned considers the nineteen entries set forth in R. Doc. 507, Exhibit A to be at issue.

### i. Log Entry Numbers 1180, 1184, 1220, 1726, 1985, 2508, 2518, 2601, 2756, and 3392 Are Sufficient to Establish Attorney-Client Privilege Over the Withheld Communications

Based on the undersigned's review of the Plaintiffs' most recent revised privilege log, the undersigned finds that log entry numbers 1180, 1184, 1220, 1726, 1985, 2508, 2518, 2601, 2756, and 3392 are sufficiently descriptive to establish that the underlying documents (or portions thereof) are protected by the attorney client privilege. These log entries are as follows:

---

[20] R. Doc. 483-1, p. 2.

| ID | Document Description | Author | Recipient | CC | Other Participants | Privilege Claimed |
|---|---|---|---|---|---|---|
| 1180 | Email attaching redacted draft of Joint Liquidator/ Louisiana Funds Funding Agreement containing edits and analysis of the edits made by Outside Counsel to the three funds, directly to clients without third party presence; PG ID 1184/ PG ID 1220 are duplicates. Unredacted portion of email contains a question from attorney to client "do you have any comments on the message below?" | Alistair Walters | Steven Stockstill; Bob Rust; Richard Hampton | Kelli Chandler, Guy Cowan | Alistair Walters; Steven Stockstill; Bob Rust; Richard Hampton; Guy Cowan; Kelli Chandler | Attorney Client |
| 1184 | Email attaching draft of Joint Liquidator/ Louisiana Funds Funding Agreement containing edits and analysis of the edits made by Outside Counsel to the three funds, directly to clients without third party presence; PG ID 1184 is a duplicate. | Alistair Walters | Steven Stockstill; Bob Rust; Richard Hampton | Guy Cowan; Kelli Chandler | | Attorney Client; Work Product |
| 1220 | Email attaching draft of Joint Liquidator/ Louisiana Funds Funding Agreement containing edits and analysis of the edits made by Outside Counsel to the three funds, directly to clients without third party presence as evident from the redacted portion produced. | Alistair Walters | Steven Stockstill; Bob Rust; Richard Hampton | Kelli Chandler, Guy Cowan | | Attorney Client; Work Product |

| 1726 | Email re discussions with Massachusetts Bay Transportation Retirement Fund as a creditor of Arbitrage and LA Funds attorney analysis of the same included; client comments included; no third party included in discussions as evident from redacted document produced.  Of the five pages produced, 1/2 page redacted. | Richard Hampton | Steven Stockstill; Bob Rust; Alistair Walters | Kelli Chandler, Guy Cowan | | Attorney Client; Work Product |
|------|------|------|------|------|------|------|
| 1985 | Email containing inquiry about E&Y Joint Liquidators to LA funds atty and inquiry from client to LA Fund atty re additional redemptions; Redacted portion of document evidences communication made between LA Fund attorney and client with no third party participation | Alistair Walters | Steven Stockstill; Bob Rust; Richard Hampton | Kelli Chandler, Guy Cowan | | Attorney Client |
| 2508 | Alistair Walters, LA Funds' attorney, email to Louisiana Funds with advice to LA Funds relating to other pension fund investment in Arbitrage vis a vis LA Funds investment in Leveraged | Steven Stockstill | Alistair Walters | Bob Rust, Guy Cowan | | Attorney Client; Work Product |

| 2518 | FRS Internal Email relating to Fletcher Litigation authored to LA Funds attorneys evaluating Kelli Chandler theory of distribution; Chandler theory of distribution has been produced to Citco; Stockstill inquiry about Kelli's theory forwarded for purposes of seeking advice and input to Kelli and LA Funds attorneys is redacted for privileged. | Steven Stockstill | Kelli Chandler | Bob Rust, Richard Hampton, Alistair Walters, Guy Cowan, Marc Parrot | | Attorney Client; Work Product |
|---|---|---|---|---|---|---|
| 2601 | Email about the meeting between LA Fund attorney, representative of FRS, and Mourant (third party law firm); The email is specifically between LA Funds and FRS regarding preparation of Stockstill in advance of the meeting. Communication made between LA Funds and attorneys with no third party participation. | Steven Stockstill | Alistair Walters, Bob Rust, Richard Hampton | Guy Cowan, Kelli Chandler | | Attorney Client; Work Product |
| 2756 | Email about meeting with Massachusetts Bay Transportation Retirement Fund on Arbitrage liquidation and litigation. Email is between LA Funds attorney and client and contains attorney advice re impact on potential partnerships in recovery litigation efforts; redacted portion of document evidences no third party participation during the redacted portion of the communication | Steven Stockstill | Alistair Walters, Richard Hampton, Bob Rust | Kelli Chandler, Guy Cowan | Douglas Pepe, Gregory Joseph, Richard Thomas, Roc McMahon, Claire Loebell, FRS Trustees | Attorney Client; Work Product |

| 3392 | Handwritten notes re conference call with LA Funds and Alistair; Majority of the 2 page document is redacted.  LA Funds inform Alistair that LA Funds have spoken with Liquidators (potential); Alistair offers opinion re same including re options of winding down; Discussion between attorney and client re Campbells memorandum previously submitted to Louisiana Funds; and Joint Committee discussing litigation and Campbells negotiating outcome on behalf of LA Funds | Richard Hampton | | | Alistair Walters, Guy Cowan, Steven Stockstill, Bob Rust | Attorney Client; Work Product |

The documents corresponding with log entry numbers 1180, 1184, 1220, 1726, 1985, 2508, 2518, 2601, and 2756 were either authored by or received by Plaintiffs' attorney(s), and include sufficiently detailed substantive descriptions.  The descriptions are not conclusory and instead provide enough detail to determine the nature of the advice sought.  With respect to log entry number 3392 (which was authored by Mr. Hampton, an employee of NOFF, and which lists certain of Plaintiffs' attorneys as "other participants"), the undersigned finds that the description set forth in Plaintiffs' revised privilege log sufficient to establish that the underlying documents reflect notes of confidential communications between Mr. Hampton and counsel for the purpose of seeking or rendering legal advice.

**ii. Log Entry Numbers 3004, 3025, and 3028 Are Sufficient to Establish Work Product Over the Withheld Documents**

Log entry numbers 3004, 3025, and 3028 provide:

| ID | Document Description | Author | Recipient | CC | Other Participants | Privilege Claimed |
|----|---------------------|--------|-----------|-----|--------------------|--------------------|
| 3004 | Fletcher Timeline 11/23/11 - 1/10/12 detailing communication and recommendation of attorneys; unredacted portion of document produced to Citco identifies who the Louisiana Funds contacted, which Law firm was Contacted, and if information was received, who authored the information; the information redacted is in anticipation of litigation December 2011 | LA Funds (Stockstill, Rust, Hampton) | Kean Miller, Campbells | | | Work Product |
| 3025 | Litigation Timeline; Handwritten Notes transcribed detailing communication of Alistair Walters and Guy Cowan analysis re third party pension fund claims; Unredacted portion of document evidences the individuals present during the meeting are client and attorneys only and if not specifically attorney advice, the document is unredacted. | Richard Hampton | Kean Miller, Campbells | | | Work Product |

| 3028 | Litigation Timeline; Handwritten Notes transcribed detailing communication and earlier draft of Alistair Walters and Guy Cowan analysis re third party pension fund claims; Unredacted portion of document evidences the individuals present during the meeting are client and attorneys only and if not specifically attorney | Richard Hampton | | | | Work Product |
|---|---|---|---|---|---|---|

The undersigned finds that log entry numbers 3004, 3025, and 3028 are sufficiently detailed to establish that the underlying documents were prepared in anticipation of litigation. These descriptions each reflect that Mr. Hampton took handwritten notes regarding Plaintiffs' attorneys' recommendations, communications, and analysis of litigation. Additionally, although apparently not claimed by Plaintiffs, to the extent these handwritten notes reflect Mr. Hampton's communications with Plaintiffs' attorneys for the purpose of obtaining or seeking legal advice (as the descriptions indicate), then these notes would also appear to be protected by the attorney client privilege.

### iii. Log Entry Numbers 979, 2231, and 2582 Are Insufficient to Establish Attorney-Client Privilege Over the Withheld Communications

Log entry numbers 979, 2231, and 2582 provide:

| ID | Document Description | Author | Recipient | CC | Other Participants | Privilege Claimed |
|---|---|---|---|---|---|---|
| 979 | 41 Page Document Produced; 2 of the 41 pages contain redactions. Handwritten notes memorializing internal discussion between Alistair (outside counsel) and Steven Stockstill (FRS) re Fletcher litigation and meeting results/to do list | Alistair Walters | Steven Stockstill | Guy Manning | | Attorney Client |
| 2231 | Client authored communication transmitted to LA Fund Attorney(s) in advance of Mourant call (attorneys to Fletcher) regarding matters on the agenda; Redacted portion produced evidences the communication made directly between Louisiana Funds and their attorneys | Richard Hampton | Alistair Walters, Steven Stockstill, Bob Rust | Kelli Chandler, Guy Cowan | | Attorney Client |
| 2582 | Email re LA Funds attorney's preparation and includes inquiry to client re documentation | Steven Stockstill | Gregory Joseph, Alistair Walters | | | Attorney Client |

With respect to log entry number 2582, Plaintiffs' revised description only provides "[e]mail re LA Funds attorney's preparation and includes inquiry to client re documentation." Similarly, the description for log entry number 979 is "[h]andwritten notes memorializing internal discussion between Alistair (outside counsel) and Steven Stockstill (FRS) re Fletcher litigation and meeting results/to do list." Plaintiffs claim the underlying documents corresponding to log entries 2582 and 979 are protected from disclosure by the attorney client privilege. However, the undersigned

finds that the descriptions of these documents do not provide any substantive description regarding the withheld information and that, as currently drafted, these two entries are insufficient to carry Plaintiffs' burden of establishing that the underlying documents (or redacted portions thereof) are protected by the attorney client privilege.[21]   While log entry 2231 includes a more substantive description, that description – reflecting communications transmitted in advance of a call between Plaintiffs' and Fletcher's attorneys "regarding matters on the agenda" – does not, without more, suggest to the undersigned that the communication was for the purpose of obtaining legal advice.

### iv. The Remaining Log Entries Related to Timelines and/or Handwritten Notes (Entries 3033, 3386, and 3389) Are Insufficient to Establish Attorney Client or Work Product Privilege[22]

The remaining entries on Plaintiffs' revised privilege log, numbers 3033, 3386, and 3389 are described as "timelines" and/or "handwritten notes:"

| ID | Document Description | Author | Recipient | CC | Other Participants | Privilege Claimed |
|---|---|---|---|---|---|---|
| 3033 | Litigation Timeline; Handwritten Notes transcribed detailing communication and recommendations of attorneys; Note, of the two pages, 1/10th of 1 page is redacted when it is noted that Campbells explains the Silo Chart authored by Campbells | Richard Hampton | | | | Work Product |

---

[21] The undersigned notes that Plaintiffs' previous description corresponding with log entry number 2582 ("email re outside counsel preparation, including outside counsel's inquiry to client re documents provided to the SEC and ruling of the Chief Justice"), R. Doc. 507, was more detailed than the current entry.

[22] As explained above, the undersigned finds log entry numbers 3004, 3025, 3028, and 3392 sufficiently detailed to establish privilege.

| 3386 | Handwritten notes re conference call with Joint Liquidators and Mourant, Alistair and Joint Committee re Appeal of Wind Up Petition, MBTA Pension Funds; Analysis of Delaware Law re Majority Shareholders Role in FILB Resignation | Richard Hampton | | | Alistair Walters, Steven Stockstill, Bob Rust, Kelli Chandler | Attorney Client; Work Product |
|------|------|------|------|------|------|------|
| 3389 | Handwritten notes re Fletcher evaluation of settlement and analysis of information needed in Funds prior to ascertaining settlement options re UCBI; 3 statements redacted in anticipation of litigation and settlement, remainder of document produced | Richard Hampton | | | | Attorney Client; Work Product |

Plaintiffs claim the underlying documents (or redacted portions of these documents) corresponding to these log entries are protected by the work product and/or attorney client privilege. Log entry number 3033 is described as notes "detailing communications and recommendations of attorneys;" however, the entry does not indicate which attorneys were involved in the communications or recommendation, or the substantive topic of such communications or recommendations.[23] Log entry numbers 3386 and 3389 are described as "handwritten notes." It appears that Plaintiffs have completely withheld the document corresponding to log entry number 3386. The description of that document appearing on Plaintiffs' most recent log is "[h]andwritten notes re conference call with Joint Liquidators and Mourant, Alistair, and Joint Committee re Appeal of Wind Up Petition, MBTA Pension Funds; Analysis of Delaware Law re Majority Shareholders Role in FILB

---

[23] The description for log entry 3033 is similar to, but less detailed than, the descriptions for log entry numbers 3025 and 3028 which also related to "Litigation Timeline; Handwritten Notes" and which are sufficiently detailed.

Resignation." Plaintiffs have explained that Mourant was opposing counsel representing Fletcher. Accordingly, it would seem at least some of the notes contained in that document do not reflect confidential communications. Further, the identity of the "joint liquidators" and "joint committee" is not clear from log entry 3386 and suggests that communications contained therein may not have been confidential. Similarly, the undersigned finds Plaintiffs' description of the document reflected in log entry 3389 insufficient to allow a determination regarding whether the document is privileged. That document is described as "[h]andwritten notes re Fletcher evaluation of settlement and analysis of information needed in Funds prior to ascertaining settlement options re UCBI; 3 statements redacted in anticipation of litigation and settlement, remainder of document produced." Plaintiffs claim this document is protected by the attorney client and work product privilege; however, the only individual listed on the log for this entry is Mr. Hampton (as the author), and the description indicates the document relates to a "Fletcher evaluation of settlement." It is not clear how notes taken by Mr. Hampton regarding an opposing party's evaluation of settlement would be privileged.

## C. The Undersigned Will Allow Plaintiffs a Short Time Period in which to Revise Deficient Entries or Produce Documents

For the reasons set forth above, the undersigned is unable to determine the sufficiency of Plaintiffs' most recent privilege log with respect to entry numbers 979, 2231, 2582, 3033, 3086, and 3389. "[T]he majority approach by courts, when confronted by a privilege log that is technically deficient and that does not appear to have been prepared in bad faith, is to allow the party who submitted the log a short opportunity to amend the log prior to imposing the drastic remedy of waiver." *Cashman Equipment Corp. v. Rozel Operating Co.*, Civil Action 08-363, 2009 WL 2487984, at * 2 (M.D. La. Aug. 11, 2009) (collecting cases); *see also*, *Chemtech*, 2009 WL 854358, at * 5 (requiring plaintiff to provide a revised privilege log and noting "[a]t this juncture,

the court will not order that any of the 379 documents be produced, and will not conduct an in camera review of the documents. Obviously, such a log will require some work, but an in camera inspection of 379 documents is no substitute for an informative log."). Although Plaintiffs have had multiple opportunities to revise their log entries, the Citco Defendants' Motion to Compel is GRANTED IN PART. Plaintiffs are ORDERED to, within fourteen (14) days from the date of this Ruling and Order, either: (1) remove items corresponding to log entry numbers 979, 2231, 2582, 3033, 3086, and 3389 from their privilege log and produce those documents, or (2) revise these entries on the log further.

## IV. Conclusion

For the reasons set forth herein, the Motion to Compel Production of Documents Withheld Pursuant to Plaintiffs' Privilege Log (the "Motion to Compel")[24] filed by defendants, Citco Technology Management, Inc. ("CTM"), Citco Banking Corporation N.V. ("Citco Banking"), Citco Fund Services (Cayman Islands) Limited ("CFS Cayman"), and The Citco Group Limited ("Citco Group") (collectively, the "Citco Defendants") is **GRANTED IN PART AND DENIED IN PART**.

---

[24] R. Doc. 483.

**IT IS ORDERED** that Plaintiffs, Firefighters' Retirement System ("FRS"), Municipal Employees' Retirement System of Louisiana ("MERS"), and New Orleans Firefighters' Pension & Relief Fund ("NOFF") (collectively, "Plaintiffs") shall, within fourteen (14) days from the date of this Ruling and Order, either: (1) remove items corresponding to log entry numbers 979, 2231, 2582, 3033, 3086, and 3389 from their privilege log and produce those documents, or (2) revise these entries on the log further.

Signed in Baton Rouge, Louisiana, on January 8, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**