UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FIREFIGHTERS' RETIREMENT
SYSTEM, ET AL.

VERSUS

CITCO GROUP LIMITED, ET AL.

CIVIL ACTION

13-373-SDD-EWD

## RULING AND ORDER ON MOTION FOR RECONSIDERATION OF RULING ON LIQUIDATION COMMITTEE MINUTES (ECF 660)

Before the court is a Motion for Reconsideration of Ruling on Liquidation Committee Minutes (ECF 660) (the "Motion for Reconsideration")[1] filed by plaintiffs, Firefighters' Retirement System ("FRS"), Municipal Employees' Retirement System of Louisiana ("MERS"), and New Orleans Firefighters' Pension & Relief Fund ("NOFF") (collectively, "Plaintiffs"). Plaintiffs filed the Motion for Reconsideration to "point out a factual error" on which the court's May 10, 2018 Ruling and Order[2] was based. For the reasons set forth herein,[3] Plaintiffs' Motion for Reconsideration[4] is **GRANTED**.

**IT IS HEREBY ORDERED** that the Citco Defendants' Motion to Compel Production of Arbitrage and Leveraged Liquidation Committee Minutes[5] is **DENIED**. The Court's previous Order[6] requiring Plaintiffs to produce entries corresponding to "PG ID" 14 & 17 on Plaintiffs' Privilege Log Re: Redactions of Leverage Liquidation and Arbitrage Liquidation Committee Minutes[7] is **VACATED**.

---

[1] R. Doc. 661.

[2] R. Doc. 660.

[3] On May 14, 2018, the Motion for Reconsideration was referred to the undersigned.

[4] R. Doc. 661.

[5] R. Doc. 589.

[6] R. Doc. 660.

[7] R. Docs. 623-1 & 661-3.

1

## I. Background

On March 28, 2018, defendants, Citco Technology Management, Inc. ("CTM"), Citco Banking Corporation N.V. ("Citco Banking"), Citco Fund Services (Cayman Islands) Limited ("CFS Cayman"), and The Citco Group Limited ("Citco Group") (collectively, the "Citco Defendants"), filed a Motion to Compel seeking production of certain Leveraged and Arbitrage Liquidation Committee meeting minutes (the "Liquidation Committee Minutes" or "Minutes").[8] The Citco Defendants contend that the Minutes are relevant to the issue of, *inter alia*, Plaintiffs' damages. Plaintiffs did not contest the relevancy of the Liquidation Committee Minutes; however, Plaintiffs argued that the Minutes were protected as opinion work product of Plaintiffs' current attorneys in this litigation, Phillip Pries and Charles Gordon. In the court's May 10, 2018 Ruling on the Motion to Compel, the undersigned agreed that the majority of the Minutes referenced on Plaintiffs' privilege log[9] were protected opinion work product. However, the court found that Plaintiffs had not met their burden of establishing that two of the entries on the log referenced protected documents:

> For all but two of the entries listed on Plaintiffs' privilege log, an attorney for Preis Gordon (the law firm representing Plaintiffs in this action) participated. However, entries with the "PG ID" of 14 & 17 do not include any attorney from Preis Gordon. The description regarding the redactions in 14 is "minutes reflecting legal analysis of and strategy concerning settlement of clawback claim, analysis of claims filed against estates." The description regarding the redactions in 17 is "minutes contain description of work product made by JOLs including analysis of subscription and redemption transactions; analysis of strategy concerning clawback settlement

---

[8] Per their Motion to Compel, the Citco Defendants explained that "[i]n 2012, the Plaintiffs forced Leveraged and Arbitrage into liquidation in the Cayman Islands and Ernst & Young ('EY') was appointed as the 'Joint Official Liquidators' ('JOLs') of the Leveraged and Arbitrage funds, which is the Cayman Islands equivalent of a bankruptcy trustee." R. Doc. 589-1, pp. 1-2. The Citco Defendants explain that "[a]s part of the liquidation process, a 'liquidation committee' for creditors of both Leveraged and Arbitrage was formed to coordinate the liquidation process with the JOLs. The liquidation committees – on which Plaintiffs (and others) sat – met several times from 2012 through 2017 to discuss liquidation and other related matters relevant to Leveraged and Arbitrage." R. Doc. 589-1, p. 2.

[9] R. Doc. 623-1.

2

and counsel's mental impressions and strategy re same." Neither of these descriptions indicate that these particular redactions include the mental impressions of Preis Gordon attorneys or statements made by the JOLs to Preis Gordon attorneys (especially since it appears that no Preis Gordon attorneys were present during these two meetings). Accordingly, for these two documents only, the undersigned finds that Plaintiffs have not met their burden of establishing, via their descriptions set forth on the privilege log, that the redacted portions of PD ID 14 and 17 are attorney opinion work product.[10]

On May 14, 2018, Plaintiffs filed the instant Motion for Reconsideration.[11] Therein, Plaintiffs assert that "Charles Gordon, counsel for the Louisiana Funds, was present at these meetings by his initial 'CG*' only and submit [the Motion for Reconsideration] to clarify that he participated in the discussions reflected in the minutes with the PG ID of 14 and 17."[12] Plaintiffs further explain that "the correspondence identifying Phillip W. Preis as an attorney for…Preis Gordon…inadvertently did not include Charles Gordon" and therefore Plaintiffs "have amended the identification chart to include Charles Gordon as an attorney for Preis Gordon."[13] Additionally, Plaintiffs submit revised descriptions of PG ID 14 and 17 via a supplemental revised log. These descriptions are as follows:

> PG 14: "Minutes reflecting legal analysis of and strategy involving Charles Gordon and Claire Lobell re settlement of clawback claim; discussion between CL and CG re litigation strategy and legal advice by GC[14] re analysis of claims filed against estates."
>
> PG 17: "Minutes contain description of work product made by Charles Gordon and JOLs including analysis of subscription and redemption transactions; analysis of strategy concerning clawback

---

[10] R. Doc. 660, pp. 8-9.

[11] R. Doc. 661.

[12] R. Doc. 661, p. 1.

[13] R. Doc. 661-2, pp. 1-2.

[14] "GC" refers to Guy Cowen, an attorneys affiliated with Campbells, the law firm which represented the Louisiana Funds in liquidation proceedings.

>   settlement and Charles Gordon's mental impressions and strategy re same."[15]

Based on Plaintiffs' clarification regarding Mr. Gordon's participation in the meetings associated with log entries PG ID 14 and 17, as well as Plaintiffs' revised descriptions of those Minutes, Plaintiffs seek reconsideration of the court's May 10, 2018 ruling compelling production of these two documents.[16]

While "the Rules do not formally recognize the existence of motions for reconsideration," "courts customarily consider such motions under either Rule 60(b) or Rule 59(e)."[17] Generally, reconsideration is granted if one of four circumstances is shown: (1) the court is presented with newly discovered evidence; (2) the court has committed clear error; (3) the initial decision was manifestly unjust; or (4) a change in controlling law justifies an order's modification.[18] A motion for reconsideration should not be used to raise arguments or evidence that could have been raised earlier.[19]

Here, based on Plaintiffs' previously submitted privilege log and the table identifying participants involved in the meetings referenced on that log, it was not clear that Mr. Gordon participated in the two meetings associations with PG ID 14 and 17. Although the initials "CG" did appear on the log with respect to those entries, Mr. Gordon was never identified by the Plaintiffs as "CG" until the instant Motion for Reconsideration. Accordingly, the court considers reconsideration proper in light of the clear factual error regarding Mr. Gordon's participation. In

---

[15] R. Doc. 661-3.

[16] Because Plaintiffs' Motion for Reconsideration only clarifies the fact regarding Mr. Gordon's involvement in the two meetings at issue, the undersigned has considered the Motion for Reconsideration without the necessity of briefing from the Citco Defendants.

[17] *Kiper v. Ascension Parish School Board*, Civil Action No. 14-313, 2016 WL 204480, at * 2 (M.D. La. Jan. 15, 2016).

[18] *Id*.

[19] *Id*. at * 3.

light of Plaintiffs' clarification regarding Mr. Gordon's presence at the meetings associated with PG ID 14 and 17, as well as Plaintiffs' revised descriptions evidencing Mr. Gordon's specific participation in those two meetings, the undersigned finds, for the reasons previously set out in its May 10, 2018 Ruling and Order, that Plaintiffs have met their burden of establishing that the redacted portions of the Minutes associated with log entries PD ID 14 and 17 reflect Plaintiffs' counsel's litigation strategy and mental impressions.

Accordingly,

Plaintiffs' Motion for Reconsideration of Ruling on Liquidation Committee Minutes (ECF 660)[20] is **GRANTED**.

**IT IS HEREBY ORDERED** that the Citco Defendants' Motion to Compel Production of Arbitrage and Leveraged Liquidation Committee Minutes[21] is **DENIED**. The Court's previous Order[22] requiring Plaintiffs to produce entries corresponding to "PG ID" 14 & 17 on Plaintiffs' Privilege Log Re: Redactions of Leverage Liquidation and Arbitrage Liquidation Committee Minutes[23] is **VACATED**.

Signed in Baton Rouge, Louisiana, on May 15, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] R. Doc. 661.

[21] R. Doc. 589.

[22] R. Doc. 660.

[23] R. Docs. 623-1 & 661-3.