**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

FIREFIGHTERS' RETIREMENT
SYSTEM, *ET AL*

CIVIL ACTION

VERSUS

13-373-SDD-EWD

CITCO GROUP LIMITED, *ET AL*

## **RULING**

**I.     Factual and Procedural Background**

Before the Court are Plaintiffs' *Objections to the Ruling Dated May 10, 2018*,[1] appealing the Magistrate Judge's *Ruling*[2] that denied Defendants' *Motion to Compel Deposition Responses from Ermanno Unternaehrer*.[3] The Citco Defendants ("Defendants") have filed a *Memorandum in Opposition*.[4] After considering the arguments of the Parties, the Magistrate's *Ruling,* and the law, the Court, for the following reasons, affirms the ruling of the Magistrate and denies the Plaintiffs' appeal.

At issue is the Magistrate Judge's May 10, 2018 *Ruling*, which denied the Plaintiffs' *Motion to Compel*[5] deposition responses from the 30(b)(6) representative of the Citco Group. Plaintiffs argue that, in its corporate deposition, Citco Group failed to adequately respond to questions regarding conflicts of interest between any Citco entity and the investors. In a well-reasoned opinion, the Magistrate Judge denied the Plaintiff's

---

[1] Rec. Doc. No. 667.
[2] Rec. Doc. No. 659.
[3] Rec. Doc. No. 574.
[4] Rec. Doc. No. 677.
[5] Rec. Doc. No. 574.
48477

discovery motion.[6] The Magistrate Judge's *Ruling*[7] is hereby affirmed for the following reasons.

## II.     The Standard of Review

Magistrate Judges are afforded broad discretion in ruling on discovery matters.[8] A Magistrate's order on non-dispositive matters may only be reconsidered where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.[9] Factual findings are reviewed under a clearly erroneous standard and legal conclusion are reviewed de novo*.*[10]

## III.    The Magistrate's Ruling

The issue before the Magistrate was the responsiveness of Citco Group's corporate deposition responses to Subject 26 of the 30(b)(6) Notice of Deposition which requested "[a]ny internal policies and procedures relating to the disclosure of known conflicts of interest between any Citco entity and the investors in any fund that CFS Cayman serves as administrator."[11]

Plaintiffs complained that counsel for Citco Group instructed its corporate representative to not answer questions "about Citco's conflict of interest policy and whether it violated Citco's policy for Citco affiliates to receive compensation from the proceeds of an offering of an issuer of which CFS Cayman serves as the independent

---

[6] Rec. Doc. 659.
[7] *Id.*
[8] 28 U.S.C. § 636(b)(1)(A); *Wilkerson v. Stalder*, 2011 WL 4433829, at *1 (M.D. La. Sept. 22, 2011).
[9] *Id.;* Fed.R.Civ.P. 72(a). *Moore v. Ford Motor Co.,* 755 F.3d 802, 806 & n. 6 (5th Cir. 2014).
[10] *Moore,* 755 F.3d at 806 & n. 7, *citing Alldread v. City of Grenada,* 988 F.2d 1425, 1434 (5th Cir.1993). *A.M. Castle & Co. v. Byrne*, 123 F.Supp.3d 895, 898 (S.D.Tex., 2015)
[11] Rec. Doc. No. 574-2, p. 5.
48477

administrator and not disclose to the purchaser of the securities the amount of funds those Citco affiliates received."[12]

The Magistrate succinctly and correctly identified the issue in dispute as follows: "[t]he disagreement regarding [Citco Group's] deposition comes down to (1) whether he should be required to testify as to subsidiary Citco entities. . . (2) whether the corporate representative should be required to answer questions regarding whether [hypothetical] scenarios presented by Plaintiffs would violate conflict of interest policies."[13]

Regarding the scope of the deposition as noticed, the Magistrate Judge found that "Subject 26 as originally noticed [was] overly broad and unduly burdensome and, therefore, not proportional to the needs of the case."[14] The Court reasoned that "questions regarding an affiliate's conflict of interest policies and procedures are more appropriately directed to the affiliate in question."[15] The Court finds no clear error in this conclusion. The Magistrate Judge noted that the 30(b)(6) notice to one of the Citco Group affiliates, CFS Cayman included a substantially similar topic.[16]

Regarding the hypothetical conflict of interest questions directed to Citco Group's corporate representative, the Magistrate concluded that asking whether a hypothetical scenario constitutes a conflict of interest veers into the realm of asking for expert opinion and calls for legal conclusions. This Court agrees. The Magistrate's ruling was well supported by case law of persuasive authority.[17] Furthermore, the question of what

---

[12] Rec. Doc. No. 584-2, pp. 4-5.
[13] Rec. Doc. No. 659, p. 16.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] Rec. Doc. No. 659, p. 10, n. 32.
48477

circumstances may give rise to a conflict of interest is arguably a legal question and thus improper for a lay witness to testify about, under the well-settled law of this Circuit.[18] The Court finds no clear error in the Magistrate's Ruling. Thus, Plaintiffs' appeal[19] is DENIED and the Magistrate Judge's Ruling[20] is AFFIRMED.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiffs' *Objections to the Ruling Dated May 10, 2018*[21] is DENIED and the Magistrate Judge's *Ruling*[22] is hereby AFFIRMED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 13, 2018.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] *See* Rec. Doc. No. 659, n. 33 and 34.
[19] Rec. Doc. No. 667.
[20] Rec. Doc. No. 659.
[21] Rec. Doc. No. 667.
[22] Rec. Doc. No. 659.

48477