# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA


FIREFIGHTERS' RETIREMENT
SYSTEM, ET AL                                        CIVIL ACTION

VERSUS                                               13-373-SDD-EWD

CITCO GROUP LIMITED, ET AL


## RULING

Before the Court is Plaintiffs' *Objections to the Ruling Dated May 22, 2018*,[1] which appeals the Ruling of the Magistrate Judge[2] that denied Plaintiff's *Motion to Compel*[3] certain documents that the responding Citco Defendants[4] had identified as privileged. In opposition to the *Motion to Compel*, the Citco Defendants urged the Magistrate to apply the substantive law of England on the issue of privilege. Unpersuaded that the issue presented a conflict of law, the Magistrate Judge analyzed the privilege question pursuant to the Louisiana/federal common law of attorney-client privilege. The choice of law is not challenged in this appeal. Therefore, this Court applies federal common law.

At issue are 267 documents which the Citco Defendants claim are covered by attorney-client privilege. The subject documents relate to a 2008 transaction in which a Citco Group affiliate sold a fund-of-funds called Richcourt Holding, Inc. ("Richcourt Transaction") to Alphonse Fletcher, the investment manager of the Leveraged fund,

---

[1] Rec. Doc. No. 672.
[2] Rec. Doc. No. 668.
[3] Rec. Doc. No. 578.
[4] Citco Technology Management, Inc. ("CTM"), Citco Banking Corporation N.V. ("Citco Banking"), Citco Fund Services (Cayman Islands) Limited ("CFS Cayman"), and The Citco Group Limited ("Citco Group") (collectively, the "Citco Defendants").

which is the subject of this litigation. The documents which Citco contends are privileged involve communications between in-house lawyers for Citco Group, Citco Group's outside counsel at Linklaters LLP, an English law firm that advised Citco on the Richcourt Transaction, and UBS AG ("UBS"), which served as Citco Group's investment banker on the Richcourt Transaction.

In what can only be described as a scant and ill-supported two-page objection to the Magistrate's ruling, the Plaintiffs advance two arguments: First, Plaintiffs argue that in failing to apply the Second Circuit's *Ackert*[5] decision, the Magistrate "essentially establishes a new judicial privilege for investment banks in commercial transactions where the client also retains a lawyer."[6] Secondly, Plaintiffs claim that the Magistrate committed "error in finding '[t]he detailed descriptions set forth on the Citco Defendants' privilege log reflect that the withheld communications were primarily for the purpose of obtaining or rendering legal advice.'"[7] Plaintiffs argue that "the only thing the Court relied upon was the use of legal advice in the description by Citco."[8]

The Court rejects the Plaintiffs' arguments. While it is axiomatic that communications which involve third persons are not protected by attorney-client privilege, if the third-party was instrumental to and engaged for the purpose of assisting in the rendition of legal advice, the communication may be privileged. "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *U.S. v. Kovel.*[9] The Magistrate correctly found that "[t]he

---

[5] *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir.1999).
[6] Rec. Doc. No. 672, p. 2.
[7] *Id.*
[8] *Id.*
[9] 296 F.2d 918, 920 (2d Cir. 1961).

Fifth Circuit has cited *Kovel* with approval in the context of a case applying the federal common law of attorney-client privilege, and courts in this Circuit have relied on *Kovel* when determining whether communications with third parties are privileged."[10] The Magistrate Judge correctly reasoned that "the controlling factor in these cases is whether the third-party was necessary for the rendering of legal advice or was instead providing business advice."[11] The Magistrate concluded that *Ackert*, "which dealt with an investment banker approaching a client with an unsolicited business deal rather than a client's specific retention of an investment banker to aid with a particular transaction, distinguishable."[12] This Court agrees.

The Magistrate Judge looked to the engagement letter between Citco Trading and UBS. The Magistrate also considered the Declaration of Citco Groups' General Counsel, Mr. Braham and found that "UBS was retained by Citco Trading to provide various services. Some of these services – specifically with respect to developing and contacting potential purchasers, and preparing and circulating sales documentation – do not appear to be focused on providing services necessary for the rendering of legal, rather than business, advice. However, other services (i.e., assisting in the negotiation of the terms of the transaction) may fairly be within the scope of that necessary for Linklaters to provide legal advice to Citco Trading."[13] The Magistrate Judge then undertook an analysis of the "detailed descriptions set forth on the Citco Defendants' privilege log" and concluded that

---

[10] Rec. Doc. No. 668, p. 10, n. 37 and n. 38.
[11] *Id.* at p. 12.
[12] *Id.*
[13] Rec. Doc. No. 668, p. 15.

the descriptions "reflect that the withheld communications were primarily for the purpose of obtaining or rendering legal advice".[14]

Based on the plain language of FRCP Rule 26(c), a review of the privilege log, the Declaration of Mr. Braham, and the engagement agreement with UBS, the Magistrate concluded that "the privilege log setting out withheld UBS Documents contains descriptions that meet the Citco Defendants' burden of establishing that UBS was involved in these communications with the primary purpose of obtaining or facilitating the rendition of legal advice."[15] The Court finds no clear error in this factual finding and further the Court finds that the Magistrate properly applied relevant caselaw and rules of procedure.

For the reasons set forth above, the Plaintiffs' *Objections to the Ruling Dated May 22, 2018*[16] is DENIED and the Magistrate Judge's *Ruling*[17] is hereby AFFIRMED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 13, 2018</u>.


_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. No. 668, p. 15.
[15] Rec. Doc. No. 668, p. 16.
[16] Rec. Doc. No. 672.
[17] Rec. Doc. No. 668.