# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

FIREFIGHTERS' RETIREMENT
SYSTEM, ET AL

CIVIL ACTION

VERSUS

13-373-SDD-EWD

CITCO GROUP LIMITED, ET AL

## RULING

Before the Court is an objection[1] to the Magistrate Judge's May 10, 2018 *Ruling and Order on the Motion to Compel*[2] ("Discovery Ruling"), which denied the Citco Defendants'[3] *Motion to Compel Production of Arbitrage and Leveraged Liquidation Committee Minutes*[4] on the basis of privilege. Plaintiffs have filed an opposition.[5] The Magistrate Judge's Discovery Ruling[6] is AFFIRMED for the following reasons.

### I. LAW AND ANALYSIS

The Citco Defendants object to the Discovery Ruling pursuant to 28 U.S.C. § 636(b)(I)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. The Citco Defendants contend that the Magistrate Judge erred in denying the Citco Defendants' motion to compel redacted portions of certain documents which the Plaintiffs argued were protected by work product doctrine. The Citco Defendants argue that Plaintiffs waived the

---

[1] Rec. Doc. No. 673.
[2] Rec. Doc. No. 660.
[3] Defendants Citco Banking Corporation N.V. ("Citco Banking"), The Citco Group Limited ("Citco Group"), Citco Fund Services (Cayman Islands) Limited ("CFS Cayman"), and Citco Technology Management, Inc. ("CTM") (collectively, the "Citco Defendants").
[4] Rec. Doc. No. 589.
[5] Rec. Doc. No. 688.
[6] Rec. Doc. No. 660.

protections of the work product doctrine by producing unredacted versions of some of the subject minutes and because Plaintiffs belatedly invoked the protections of the doctrine.

The Magistrate Judge's Discovery Ruling set out the factual background relevant to the Citco Defendants' Motion to Compel as follows:

> The Citco Defendants explain that "[i]n 2012, the Plaintiffs forced Leveraged and Arbitrage into liquidation in the Cayman Islands and Ernst & Young ('EY') was appointed as the 'Joint Official Liquidators' ('JOLs') of the Leveraged and Arbitrage funds, which is the Cayman Islands equivalent of a bankruptcy trustee." The Citco Defendants explain that "[a]s part of the liquidation process, a 'liquidation committee' for creditors of both Leveraged and Arbitrage was formed to coordinate the liquidation process with the JOLs. The liquidation committees – on which Plaintiffs (and others) sat – met several times from 2012 through 2017 to discuss liquidation and other related matters relevant to Leveraged and Arbitrage." Both in their Motion to Compel, as well as in previous status conferences with the court, the Citco Defendants assert that the Leveraged Liquidation Committee meeting minutes and the Arbitrage Liquidation Committee meeting minutes (collectively, the "Liquidation Committee Minutes" or "Minutes") are relevant to issue of, inter alia, Plaintiffs' damages.[7]

At issue are sixteen redacted sets of Minutes dated from March 14, 2013 to January 11, 2017. In moving to compel production of unredacted minutes, the Citco Defendants argued that (1) the minutes were not prepared in anticipation of litigation and thus not subject to the doctrine, that (2) Plaintiffs waived the work product protection by producing other liquidation minutes in their prior discovery responses, and that (3) even if the minutes could be considered work product and such protection had not been waived, the Citco Defendants have a substantial need for the documents and cannot, without undue hardship, obtain their substantial equivalent by other means. The Magistrate thoroughly analyzed each of the moving Defendants' arguments and granted the Citco

---

[7] Rec. Doc. No. 660, p. 2, citing Rec. Doc. No. 1-3.

Defendants' *Motion to Compel* as to two sets of minutes and denied the motion as to the remaining minutes.[8]

The Court affirms the Magistrate Judge's Ruling and Order.[9] This appeal is governed by Federal Rule of Civil Procedure Rule 72(a), which provides, in pertinent part, that "[t]he district judge ... must ... modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." When reviewing a non–dispositive order issued by a Magistrate Judge such as the one at bar, this court gives substantial deference to the findings of the Magistrate Judge.[10] Courts enjoy broad discretion in discovery matters.[11]

"When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—de novo for error of law, clear error for fact findings, or abuse of discretion for discretionary matters."[12] "The clearly erroneous standard applies to the factual components of the magistrate judge's decision."[13] "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed."[14] "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may

---

[8] The Citco Defendants Motion to Compel was granted as to "PG ID 14 & 17" and denied as to all other documents. Rec. Doc. No. 660.
[9] Rec. Doc. No. 660.
[10] *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995); *Grand Oaks, Inc. v. Anderson*, 175 F.R.D. 247, 248 (N.D.Miss.,1997).
[11] See, e.g., *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996); *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir.1991); *Grand Oaks, Inc. v. Anderson*, 175 F.R.D. 247, 249 (N.D.Miss.,1997).
[12] *Orthoflex, Inc. v. ThermoTek*, Inc., 990 F.Supp.2d 675, 682–83 (N.D.Tex.,2013), citing *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D.Tex. June 24, 2003).
[13] *Orthoflex, Inc. v. ThermoTek*, Inc., 990 F.Supp.2d 675, 682–83 (N.D.Tex.,2013), citing, *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D.Tex.1996) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D.Tex.1994) (internal quotation marks omitted).
[14] *Id*.

not reverse it."[15] The legal conclusions of the magistrate judge are reviewed de novo, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions."[16] "[T]he abuse of discretion standard governs review of that vast area of ... choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous."[17]

After careful review of the privilege log, the Magistrate Judge found that as to the minutes labeled PG ID 14 and 17, "neither of these descriptions [on the privilege log] indicate that these particular redactions include the mental impressions of Preis Gordon attorneys or statements made by the JOLs to Preis Gordon attorneys (especially since it appears that no Preis Gordon attorneys were present during these two meetings)."[18] As for the remaining documents in dispute, the Magistrate Judge found that "Plaintiffs have established that the redacted portions themselves were in anticipation of litigation [and] the Minutes were prepared by Plaintiffs or Plaintiffs' representative, although it appears that the Minutes were compiled by the JOLs, the redacted portions are, based on Plaintiffs' counsel's representations, reflections of Plaintiffs' counsel's litigation strategy."[19]

This Court finds no clear error as to the factual determinations of the Magistrate Judge on this issue and the Court finds no abuse of the exercise of the Magistrate Judge's discretion to manage discovery.

---

[15] Id.
[16] Id.
[17] Id.
[18] Rec. Doc. No. 660, p. 9.
[19] Id.

On the issue of waiver, the Magistrate applied the correct burden of proof, namely, that the Citco Defendants have the burden of proving waiver of work product immunity.[20] The Magistrate also applied the correct legal standard. The Fifth Circuit has held that "the mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege."[21] The Magistrate also correctly noted that "courts in this Circuit consistently view waiver of work product protection narrowly."[22] The Magistrate reviewed the parties' historical discovery and a prior *Motion to Compel* that addressed liquidation minutes and found that "the history regarding the September 2017 Motion to Compel, including Plaintiffs' subsequent production of documents in response to that Motion to Compel, [was not] determinative of the issue of whether Plaintiffs waived work product protection over the Liquidation Committee Minutes at issue here."[23] The Court finds that on the issue of waiver, the Magistrate did not err in her application of the well-settled law and her findings of fact were not clearly erroneous.

Finally, on the argument of substantial need, the Magistrate found that while the Liquidation Committee Minutes were relevant, "[o]pinion' work product...which conveys the 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative,' has been accorded almost absolute protection from discovery by some courts."[24] Based on the descriptions in the privilege log, the Magistrate concluded that the redacted material contained the mental impressions of attorneys and that "the Citco Defendants have not established that Plaintiffs' counsel's mental impressions are at issue

---

[20] Rec. Doc. No. 660, n. 41.
[21] Rec. Doc. No. 660, n. 68.
[22] *BASF Corp. v. Man Diesel & Turbo North America, Inc.*, No. 13-42, 2015 WL 542247, at * 4, n. 8 (citing *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 379 n. 10 (5th Cir. 2010).
[23] Rec. Doc. No. 660, p. 13.
[24] *Klein v. Jefferson Par. Sch. Bd.*, No. CIV.A. 00-3401, 2003 WL 1873909, at *2, n.1 (E.D. La. Apr. 10, 2003) (citing *Conoco*, 191 F.R.D. at 118; *Thomas*, 174 F.R.D. at 388).

in this case"[25] and thus declined to find substantial need. The Court finds that on the issue of substantial need, the Magistrate did not err in her application of the well-settled law and her findings of fact were not clearly erroneous.

## II. CONCLUSION

For the foregoing reasons, the *Ruling and Order on the Motion to Compel* (Rec. Doc. 660) is AFFIRMED and the Objection (Rec. Doc. 673) is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 21, 2018.

*Shelly Dick*

**SHELLY D. DICK**

**CHIEF DISTRICT JUDGE**

---

[25] Rec. Doc. No. 660, p. 17.