**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

FIREFIGHTERS' RETIREMENT
SYSTEM, ET AL.

VERSUS

CITCO GROUP LIMITED, ET AL.

CIVIL ACTION

13-373-SDD-EWD

## RULING

This matter is before the Court on the Limited *Motion for Summary Judgment on Plaintiffs' Third Party Beneficiary Claim*[1] filed by Defendant, Citco Fund Services (Cayman Islands) Limited ("CFS Cayman"). Defendants Citco Banking Corporation N.V. ("Citco Banking"), The Citco Group Limited ("Citco Group"), and Citco Technology Management ("CTM"), join the *Motion*. Plaintiffs (collectively, "the Louisiana Funds"), have filed an *Opposition*,[2] to which the Citco Defendants filed a *Reply*.[3] For the following reasons, the Court finds that the *Motion* by the Citco Defendants shall be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The instant *Motion* arises out of Count Two of Plaintiffs' *Petition for Damages*, entitled "Citco Defendants Third Party Beneficiary Claims."[4] Therein, Plaintiffs assert that they "were third party beneficiaries of the contracts between Citco Defendants and Leverage [sic]"[5] and that they "are entitled to an award of compensatory damages"[6]

---

[1] Rec. Doc. No. 734.
[2] Rec. Doc. No. 785.
[3] Rec. Doc. No. 828.
[4] Rec. Doc. No. 1-3, p. 33.
[5] *Id.*
[6] *Id.*

49537

because, they allege, the Citco Defendants breached "the contractual duties owed to Plaintiffs as a third party beneficiary of such contract."[7] Specifically, the contract Plaintiffs seek to enforce is the Administrative Services Agreement ("ASA"), which was executed by CFS Cayman and Leveraged on August 1, 1998.[8] The Citco Defendants now move for summary judgment on the third party beneficiary claim, arguing that "Cayman Islands law governs Plaintiffs' Third Party Beneficiary Claim"[9] and that "Cayman Islands law does not recognize third party beneficiary claims."[10] Even if Louisiana law applied here, which the Citco Defendants deny, they argue they are nevertheless entitled to summary judgment because Plaintiffs are not third party beneficiaries of the ASA under the Louisiana doctrine of stipulation *pour autrui*.

The Court declines to engage the choice-of-law issue, finding that the instant *Motion* can be resolved without reaching it. As discussed further below, the parties agree that as a general matter, third party beneficiary claims do not exist in Cayman Islands law.[11] Thus, Plaintiffs' third party beneficiary claim could only succeed if the Louisiana Funds were truly the beneficiary of a stipulation *pour autrui* under Louisiana law. In their *Motion*, the Citco Defendants successfully demonstrate that they are entitled to judgment as a matter of law, and Plaintiffs fail to identify specific evidence that could prevent the award of summary judgment. Therefore, the Court concludes that the instant *Motion* should be granted.

---

[7] Rec. Doc. No. 1-3, p. 36.
[8] Rec. Doc. No. 785-10.
[9] Rec. Doc. No. 734-1, p. 7.
[10] Rec. Doc. No. 734-1, p. 3.
[11] *See* Rec. Doc. No. 785, p. 85; Rec. Doc. No. 734-1, p. 6.
49537

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] In assessing whether a dispute to any material fact exists, the Court considers all of the evidence in the record but must refrain from making credibility determinations or weighing the evidence.[13] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[14] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[15] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[16]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[17] All reasonable factual inferences are drawn in favor of the nonmoving party.[18] However, "[t]he Court has no

---

[12] Fed. R. Civ. P. 56(a).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[14] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[15] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[16] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[17] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[18] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

49537

duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[19] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[20]

### B. Law and Analysis

#### a. Third Party Beneficiary Claims in the Cayman Islands

The Citco Defendants argue that "Cayman Islands law does not recognize third party beneficiary breach of contract claims."[21] In support of that assertion, they cite the affidavit testimony of Laura Hatfield,[22] an attorney in the Cayman Islands who was retained by counsel for Citco to "address Cayman Island legal doctrines relevant to Plaintiffs' claims."[23] Hatfield explains that Cayman Islands law features a doctrine called "privity of contract," under which "only a party to a contract can sue or be sued under that contract."[24] Although a 2014 law, the Contracts (Right of Third Parties) Law (hereinafter "CTPL"), purports to create a limited exception to the doctrine of privity of contract, neither party argues that the CTPL applies retroactively to the Administrative Services Agreement at issue here. In fact, Plaintiffs do not contest Hatfield's conclusion that third party beneficiary claims are generally not recognized by Cayman Islands law. In their

---

[19] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[20] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[21] Rec. Doc. No. 734-1, p. 6.
[22] Rec. Doc. No. 734-5.
[23] *Id.* at p. 1.
[24] *Id.* at p. 6.
49537

*Opposition* to the instant *Motion*, Plaintiffs state that "Cayman Islands law does not recognize third party beneficiary claims."[25] Because the evidence demonstrates as much and the parties concur, the Court concludes that if Cayman Islands law applied, Plaintiffs' third party beneficiary claim would fail as a matter of law.

    b. <u>Stipulation *Pour Autrui* in Louisiana Law</u>

Under Louisiana law, a contract for the benefit of a third party is commonly referred to as a "stipulation *pour autrui*."[26] Jurisprudence has developed three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee.[27] The fundamental requirement of a stipulation *pour autrui* is that the contract evidences a clear intention to benefit the third party; absent a clear intent, a party claiming to be a third party beneficiary cannot meet his burden of proof.[28] Indeed, "[N]ot every promise, performance of which may be advantageous to a third person, will create in him an actionable right. The problem is to separate the cases where an advantage has been stipulated from those where the advantage relied upon is merely an incident of the contract between the parties."[29] Moreover, a stipulation *pour autrui* is never presumed. The party claiming the benefit bears the burden of proof.[30]

---

[25] Rec. Doc. No. 785, p. 85.
[26] La. C. C. art. 1978.
[27] *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 2005-2364 (La. 10/15/06), 939 So. 2d 1206, 1212
[28] Paul, 99-0897 at 7-8, 762 So.2d at 141-142; see also, *Doucet v. National Maintenance Corporation*, 01-1100, pp. 6-7 (La.App. 1 Cir. 6/21/02), 822 So.2d 60, 66.
[29] Professor Smith, 11 Tul. L.Rev. at 28.
[30] See LSA-C.C. art. 1831;7 see also *Paul*, 99-0897 at 5, 762 So.2d at 140.
49537

Plaintiffs allege that they are third party beneficiaries of the Administrative Services Agreement ("ASA"). The ASA was executed between CFS Cayman and Leveraged on August 1, 1998.[31] The Citco Defendants argue that, because the ASA was executed "almost a decade before Plaintiffs invested in the Series N Shares of Leveraged," it cannot possibly have been the intent of the parties, much less their "manifestly clear" intent, to benefit the Louisiana Funds. The United States Court for the Western District of Louisiana held as much in *Zaveri v. Condor Petroleum Corp.*,[32] where it granted summary judgment on a third party beneficiary claim because the party seeking to be recognized as a third party beneficiary was a group of partnerships, and "it [was] undisputed that only two of the eight partnership plaintiffs existed" when the contract of which they were allegedly third party beneficiaries was executed. "Thus," the Western District concluded, that contract "cannot be the basis of a stipulation *pour autrui* in favor of the [p]artnerships."[33]

*Zaveri* is not perfectly analogous here, since the allegation is not that the Louisiana Funds *did not exist* when the ASA was executed, but that their investment did not occur until nearly ten years later. However, Plaintiffs in their *Opposition* fail to evince evidence that the ASA did, in fact, contain a manifestly clear intent to benefit the Louisiana Funds. In fact, Plaintiffs primarily offer quotations from the Series N Offering Memorandum. But the Offering Memorandum was a contract directly between Plaintiffs and Leveraged; a third party beneficiary claim cannot apply to a contract to which Plaintiffs were not a third

---

[31] Rec. Doc. No. 785-10, p. 1.
[32] 27 F.Supp.3d 695, 703-04 (W.D. La. 2014).
[33] *Id.* at 704.

49537

party at all. Thus, the Court limits its analysis to the evidence cited by Plaintiffs that the ASA contained an intent to benefit Plaintiffs.[34]

Plaintiffs claim that the "Administrator Agreement [sic, presumably the ASA] specifically states that CFS Cayman would prepare . . . NAV statements for each of the investors and deliver those statements to the investors each month, as well as perform the investor relation services described above."[35] Upon review of the sections cited by Plaintiffs, the Court finds that the ASA mentions "shareholders"; that vague term can hardly be evidence of a manifestly clear intent to benefit the Louisiana Funds, especially since, as discussed above, they would not become shareholders until nearly ten years after the signing of the ASA. In general, the ASA confines itself to outlining the services to be performed by CFS Cayman for the benefit of Leveraged. Indeed, the preamble to the ASA states that "[t]he Fund wishes to be provided with certain financial, accounting, administrative and other services which [CFS Cayman] is willing to provide on the terms and subject to the conditions contained in this agreement."[36]

Plaintiffs further cite the analysis of Albert van Nijen, "the Global Risk Manager for CFS Cayman and all other Citco Funds divisions,"[37] who stated in a memorandum (paraphrased by Plaintiffs) that "CFS Cayman's failure to perform its duties under the Administrator Agreement [sic] would result in claims against Citco for breach of fiduciary duties owed to investors such as the Louisiana Funds."[38] Plaintiffs offer van Nijen's

---

[34] In any event, the portions of the Offering Memorandum cited by Plaintiffs fail to demonstrate the existence of a stipulation *pour autrui.* The relevant inquiry is whether the ASA included a manifestly clear intention to benefit Plaintiffs. The contents of the 2008 Offering Memorandum cannot speak to whether CFS Cayman and Leveraged, in 1998, sought to give Plaintiffs the right to enforce the ASA.
[35] Rec. Doc. No. 785, p. 80.
[36] Rec. Doc. No. 785-10, p. 70.
[37] Rec. Doc. No. 785, p. 81.
[38] *Id.*

49537

party at all. Thus, the Court limits its analysis to the evidence cited by Plaintiffs that the ASA contained an intent to benefit Plaintiffs.[34]

Plaintiffs claim that the "Administrator Agreement [sic, presumably the ASA] specifically states that CFS Cayman would prepare . . . NAV statements for each of the investors and deliver those statements to the investors each month, as well as perform the investor relation services described above."[35] Upon review of the sections cited by Plaintiffs, the Court finds that the ASA mentions "shareholders"; that vague term can hardly be evidence of a manifestly clear intent to benefit the Louisiana Funds, especially since, as discussed above, they would not become shareholders until nearly ten years after the signing of the ASA. In general, the ASA confines itself to outlining the services to be performed by CFS Cayman for the benefit of Leveraged. Indeed, the preamble to the ASA states that "[t]he Fund wishes to be provided with certain financial, accounting, administrative and other services which [CFS Cayman] is willing to provide on the terms and subject to the conditions contained in this agreement."[36]

Plaintiffs further cite the analysis of Albert van Nijen, "the Global Risk Manager for CFS Cayman and all other Citco Funds divisions,"[37] who stated in a memorandum (paraphrased by Plaintiffs) that "CFS Cayman's failure to perform its duties under the Administrator Agreement [sic] would result in claims against Citco for breach of fiduciary duties owed to investors such as the Louisiana Funds."[38] Plaintiffs offer van Nijen's

---

[34] In any event, the portions of the Offering Memorandum cited by Plaintiffs fail to demonstrate the existence of a stipulation *pour autrui.* The relevant inquiry is whether the ASA included a manifestly clear intention to benefit Plaintiffs. The contents of the 2008 Offering Memorandum cannot speak to whether CFS Cayman and Leveraged, in 1998, sought to give Plaintiffs the right to enforce the ASA.
[35] Rec. Doc. No. 785, p. 80.
[36] Rec. Doc. No. 785-10, p. 70.
[37] Rec. Doc. No. 785, p. 81.
[38] *Id.*

49537

statement as evidence of their third party beneficiary status, arguing that, "[i]f no benefits were intended for the Louisiana Funds, it is hard to imagine that Mr. van Nijen would state that any fiduciary duty existed."[39] This argument is confounding in a number of ways. First, speculation as to the potential motives of van Nijen is neither relevant nor competent summary judgment evidence. Second, Plaintiffs make no attempt to explain how the alleged existence of a fiduciary duty moves the needle on their burden at this stage, namely, to identify specific evidence showing the existence of disputed fact issues that can prevent summary judgment on the third party beneficiary claim. Third, even if van Nijen's statement shows that the ASA conferred some potential benefit on Plaintiffs, Plaintiffs' argument ignores the well-established jurisprudence finding that "[a] person may derive a benefit from a contract to which he is not a party without being a third party beneficiary."[40] So the Supreme Court of Louisiana held in *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary,*[41] a 2006 case where a group of individual doctors sought to be third party beneficiaries of a contract between a hospital and a medical corporation. In that contract, the medical corporation agreed to provide general anesthesia services to the hospital's patients. When the hospital terminated the contract early, the individual doctors sued, alleging that the contract granted them the right to perform anesthesiology services at the hospital. The court disagreed, finding that it was, in fact, "the *Contractor* which is granted the exclusive right to *provide* anesthesia services."[42] The individual doctors were

---

[39] *Id.*
[40] *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 2005-2364 (La. 10/15/06), 939 So. 2d 1206, 1214
[41] *Id.*
[42] *Id.* at 1214 (emphasis added).
49537

not specifically mentioned in the contract, and "physicians other than the plaintiff doctors could provide services"[43] under the contract.

The *Joseph* court's reasoning applies with equal force here. The ASA grants Leveraged the right to receive performance of certain services from CFS Cayman. Although there is an implicit indication in the ASA that the performance of those services will benefit "investors" generally, the Louisiana Funds are not mentioned, and it is equally likely that CFS Cayman's performance would benefit *any* given investor, not the Funds in particular, who did not become investors until almost a decade after the ASA was executed. Plaintiffs, who bear the burden of proof in establishing the existence of a stipulation *pour autrui*, fail to identify any evidence that the parties to the ASA had a "manifestly clear" intent to benefit the Louisiana Funds when they executed the contract. As such, the Court concludes that any benefit Plaintiffs received as a result of the ASA was incidental, and Plaintiffs' third party beneficiary claim fails as a matter of law.

### III. CONCLUSION

For the reasons set forth above, the *Limited Motion for Summary Judgment on Plaintiffs' Third Party Beneficiary Claim*[44] is granted in favor of the Citco Defendants.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 14, 2019.</u>

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[43] *Id.*
[44] Rec. Doc. No. 734.

49537