**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

FIREFIGHTERS' RETIREMENT
SYSTEM, ET AL.

VERSUS

CITCO GROUP LIMITED, ET AL.

CIVIL ACTION

13-373-SDD-EWD

## RULING

This matter is before the Court on the *Motion for Summary Judgment on Plaintiffs' Holder Claim*[1] filed by Defendant, Citco Technology Management ("CTM"). Defendants Citco Banking Corporation N.V. ("Citco Banking"), The Citco Group Limited ("Citco Group"), and Citco Fund Services (Cayman Islands) Limited ("CFS Cayman"), join the *Motion*. Plaintiffs (collectively, "the Louisiana Funds"), have filed an *Opposition*,[2] to which the Citco Defendants filed a *Reply*.[3] For the following reasons, the Court finds that the *Motion* by the Citco Defendants shall be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The instant motion arises out of Count Thirteen of Plaintiffs' *Petition for Damages*, entitled "Holder Claims."[4] Therein, Plaintiffs allege that "[m]aterial misrepresentations and omissions caused Plaintiffs to retain ownership of the Series N Shares after the Defendants failed to disclose to Plaintiffs"[5] certain information about the value of their

---

[1] Rec. Doc. No. 737.
[2] Rec. Doc. No. 785.
[3] Rec. Doc. No. 828.
[4] Rec. Doc. No. 1-3, p. 60.
[5] Rec. Doc. No. 1-3, p. 60.
49490

investment in Leveraged and potential sources of risk.[6] The Citco Defendants urge the Court to grant summary judgment in their favor on the "holder claim" for five reasons: (1) because "Louisiana law does not recognize holder claims";[7] (2) because Plaintiffs "lack standing to assert a holder claim";[8] (3) because Plaintiffs' claim is prescribed; (4) because Plaintiffs "cannot demonstrate that they actually relied on the Citco Defendants in deciding to hold onto their investment in Leveraged";[9] and (5) because Plaintiffs "have not adduced any evidence that the Citco Defendants' alleged omissions caused [their] losses."[10] Plaintiffs, for their part, contest all of the above bases for summary judgment, relying primarily on this Court's previous *Rulings* at the motion to dismiss stage.

The Court declines to engage the issue of standing or the existence of the cause of action in Louisiana because it finds that the *Motion* can be decided on other, less thorny, grounds. Assuming *arguendo* that a holder claim is cognizable under Louisiana law, and that the Louisiana Funds are proper plaintiffs to bring such a claim, the Court finds that the Citco Defendants are nevertheless entitled to summary judgment because they successfully demonstrate in the instant *Motion* that there is no genuine issue of material fact on the issue of prescription, and Plaintiffs fail to present evidence to the contrary.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no

---

[6] *See* Rec. Doc. No 1-3, p.13.
[7] Rec. Doc. No. 737-1, p. 1.
[8] Rec. Doc. No. 737-1, p. 1.
[9] *Id.* at p. 2.
[10] *Id.*
49490

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11]  In assessing whether a dispute to any material fact exists, the Court considers all of the evidence in the record but must refrain from making credibility determinations or weighing the evidence.[12]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[14]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[15]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[16]  All reasonable factual inferences are drawn in favor of the nonmoving party.[17]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely

---

[11] Fed. R. Civ. P. 56(a).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[13] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[14] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[15] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[17] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
49490

how this evidence supports his claim."[18] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get a jury without any "significant probative evidence tending to support the complaint."'"[19]

### B. Analysis

In its 2016 *Ruling* on the Citco Defendants' *Motion to Dismiss*,[20] this Court declined to dismiss Plaintiffs' holder claim because it was "unable to conclude that there is no plausible basis, as a matter of law, for a holder claim under Louisiana law."[21] In another *Ruling*, this Court also "reject[ed] the argument that the Plaintiffs' claims are derivative thereby defeating standing."[22] Plaintiffs urge the Court to affirm those conclusions now, especially because, they claim, the Citco Defendants have not "present[ed] any new uncontested facts that would change the law and analysis."[23] The Court declines to revisit those arguments at this stage because it finds that, since the issuance of its previous *Rulings*, which were based on the pleadings alone, the subsequent progress of the litigation has brought forth evidence demonstrating that the holder claim – even if it existed under Louisiana law and even if Plaintiffs had standing to bring it – was prescribed as of the filing of this lawsuit.

A holder claim, the Citco Defendants argue, "sounds in fraud [and] is subject to the one-year prescriptive period for delictual claims."[24] Plaintiffs counter that there is no legal

---

[18] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[19] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[20] Rec. Doc. No. 325.
[21] Rec. Doc. No. 325, p. 35.
[22] Rec. Doc. No. 433, pp. 6-7.
[23] Rec. Doc. No. 785, p. 23.
[24] Rec. Doc. No. 737-1, p. 8.
49490

basis for applying a one-year prescriptive period given that "the holder issue has not been addressed by any court in Louisiana."[25] Moreover, they argue, "the Citco Defendants completely ignore [Civil Code] art. 1953, which allows for a ten year prescriptive period on contractual fraud."[26]

As an initial matter, the Court notes that Louisiana Civil Code art. 1953 does not contain any reference to "contractual fraud" or set forth any prescriptive period for fraud, much less a ten-year one. Furthermore, although it is true that Louisiana courts have recognized the possibility that, under some limited circumstances, fraud related to a contract could be subject to a ten-year prescriptive period,[27] Plaintiffs' holder claim can scarcely be characterized as a "contractual fraud." In the "Holder Claims" section of their *Petition*,[28] Plaintiffs make no reference to the existence of a contract or the breach of any contractual duty. They simply allege that "the Defendants induced [them] to hold their position in Leverage [sic] by such misrepresentations and omissions."[29]

In *Clark v. Constellation Brands, Inc.*,[30] the United States Court of Appeals for the Fifth Circuit held that "the mere fact that the circumstances arose in the context of a contractual relationship does not make the cause of action contractual."[31] The Fifth Circuit held that the *Clark* plaintiff's claim was "based upon fraudulent misrepresentation, a tort

---

[25] Rec. Doc. No. 785, p. 71.
[26] Rec. Doc. No. 785, p. 71.
[27] See, e.g., *City of Alexandria v. Cleco Corp.*, No. CIV A 1:05-CV-01121, 2010 WL 290506, at *8 (W.D. La. Jan. 22, 2010) ("While most fraud cases are characterized as delictual in nature there is at least some authority for the proposition that claims of fraud vitiating consent to a contract may be subject to a ten-year liberative prescription period") (citing *Harrell v. Fid. Sec. Life Ins. Co.*, 07–1439, 2008 WL 170269, at *6 (E.D.La. Jan. 16, 2008)).
[28] Rec. Doc. No. 1-3, pp. 60-61.
[29] Rec. Doc. No. 1-3, p. 61.
[30] 348 F. App'x 19, 22 (5th Cir. 2009).
[31] *Id.* at *2.
49490

under Louisiana law subject to a one-year prescriptive period,"[32] noting that it reached that conclusion because the "factual allegations in the petition [were] directed toward a recovery of damages for 'lost wages, lost earning potential, loss of insurability, and mental anguish,' all of which are tort damages."[33] Likewise, in the case at bar, Plaintiffs specify their damages under the holder claim as "the loss of their investments in Leverage [sic]."[34]

Moreover, in their arguments calling for the recognition of the holder claim in Louisiana, Plaintiffs repeatedly describe the claim as a delictual claim sounding in fraud. For example, Plaintiffs note that a holder claim is cognizable because "***fraud*** does not cease being so when it induces a party to refrain from acting."[35] Also, they cite a District of New Jersey case where the court held that "the form of reliance – action or inaction – is not critical to the actionability of ***fraud***."[36] Further, Plaintiffs cite the Restatement (Second) of Torts for the proposition that "[o]ne who ***fraudulently*** makes a misrepresentation of fact . . . for the purpose of inducing another to act or to refrain from action. . . is subject to liability. . ."[37]

The Court is not persuaded by Plaintiffs' argument that the applicable prescriptive period is unknowable because several different causes of action are ineffably "encompassed in the holder claim,"[38] and each of those actions has a distinct prescriptive period. For example, Plaintiffs argue that "the [holder claim] may relate to a breach of fiduciary duty, which is as a matter of law ten years."[39] Whether a fiduciary duty existed

---

[32] *Id.* at *3.
[33] *Id.*
[34] Rec. Doc. No. 1-3, p. 61.
[35] Rec. Doc. No. 785, p. 69 (emphasis added).
[36] Rec. Doc. No. 785, p. 69 (emphasis added).
[37] Rec. Doc. No. 785, p. 69 (emphasis added) (quoting Restatement (Second) of Torts § 525 *et. seq.*).
[38] Rec. Doc. No. 785, p. 71.
[39] Id.

49490

between the parties is disputed, and, in any event, Plaintiffs provide no legal support for their suggestion that the holder claim "may relate" to a claim for breach of fiduciary duty. Next, Plaintiffs argue that the holder claim is "in the nature of a claim under the LSA which provides for a two-year prescriptive period."[40] Plaintiffs do not elaborate on how their holder claim is "in the nature" of a claim under the Louisiana Securities Law, which, as discussed above, does not recognize holder claims. The Court rejects Plaintiffs' arguments that a two- or ten-year prescriptive period could apply to the holder claim. Plaintiffs describe their claim as resulting from "misrepresentations and omissions" by the Defendants; Louisiana Civil Code art. 1953 defines fraud as "a misrepresentation or suppression of the truth." The clear conclusion is that Plaintiffs' holder claim sounds in fraud.

Louisiana courts have repeatedly held that fraud is subject to a one-year prescriptive period.[41] That prescriptive period begins to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit.[42] Information or knowledge that excites attention or puts the alleged victim on guard is sufficient to start the running of prescription.[43] Plaintiffs filed this lawsuit on March 1, 2013.[44] Thus, if the record demonstrates that Plaintiffs had actual or constructive knowledge of their holder claim before March 1, 2012, their claim is prescribed.

---

[40] *Id.*
[41] See, e.g., *AGEM Mgmt. Servs., LLC v. First Tennessee Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 619 (E.D. La. 2013).
[42] *Sudo Properties, Inc. v. Terrebonne Par. Consol. Gov't*, 503 F.3d 371, 378 (5th Cir. 2007) (citing *Campo v. Correa*, 828 So.2d 502, 510 (La.2002)).
[43] *Id.* at 510–11.
[44] Rec. Doc. No. 1-3.
49490

The Citco Defendants cite extensive evidence of the timing of Plaintiffs' knowledge of their claim. And, this Court has previously addressed the issue of when Plaintiffs had actual or constructive knowledge of the alleged post-investment omissions and representations.[45] In its *Ruling* on the Citco Defendants' *Motion for Partial Summary Judgment on Plaintiffs' Negligent Misrepresentation Claim*,[46] this Court granted summary judgment because it concluded that, as of June 15, 2011, or at the latest as of July 11, 2011, Plaintiffs were on notice of their negligent misrepresentation claim because of their failed redemption and subsequent joint public statement[47] regarding their concerns about the soundness of Leveraged. Likewise, in its *Ruling*[48] on the *Motion for Summary Judgment*[49] by the CSG Defendants, this Court granted summary judgment because it concluded that the Winding-Up Petition filed by Plaintiffs on January 31, 2012 showed that Plaintiffs had notice of their claim as of that time. This Court noted that the Winding-Up Petition evidenced "Plaintiffs' knowledge that . . . Leveraged was refusing to redeem Plaintiffs' investment despite multiple requests, that Leveraged "ha[d] failed to provide or file audited accounts since 2008" [and] that the manager of Leveraged "[was] under investigation by the US Securities Exchange Commission."[50]

---

[45] It follows that only post-investment omissions and misrepresentations are relevant to Plaintiffs' holder claim, since only omissions and misrepresentations that occurred after Plaintiffs became "holders" can possibly have "wrongfully induced [them] to hold stock" in Leveraged "instead of selling it."
[46] Rec. Doc. No. XXX.
[47] The statement read as follows: "The distribution of a promissory note in lieu of immediate cash has raised concern with each of the systems' respective boards. To be practical, it gives rise to questions regarding the liquidity of [Leveraged] and the accuracy of the financial statements issued by the two renowned independent auditors." (Rec. Doc. No. 738-1, p. 12, n. 6).
[48] Rec. Doc. No. 879.
[49] Rec. Doc. No. 723.
[50] Rec. Doc. No. 879, p. 19.
49490

Since the omissions and representations addressed in the above *Rulings* also form the basis for Plaintiffs' holder claim, the Court likewise concludes that Plaintiffs were on notice of their holder claim more than one year before the filing of this lawsuit and, as such, their holder claim, to the extent it is even cognizable in Louisiana law and to the extent they are proper plaintiffs, is prescribed. After the Citco Defendants demonstrated the absence of a genuine issue of material fact surrounding when Plaintiffs had notice of their claim, Plaintiffs failed to cite evidence that could defeat summary judgment on the issue. Thus, the Court concludes that a reasonable juror could not find that Plaintiffs were unaware of their holder claim before March 1, 2012, a year before the filing of this lawsuit.

### III. CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment on Plaintiffs' Holder Claim*[51] is granted in favor of the Citco Defendants.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 14, 2019</u>.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[51] Rec. Doc. No. 737.