**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

FIREFIGHTERS' RETIREMENT
SYSTEM, ET AL.

VERSUS

CITCO GROUP LIMITED, ET AL.

CIVIL ACTION

13-373-SDD-EWD

## RULING

This matter is before the Court on the *Motion for Summary Judgment on Plaintiffs' Negligent Misrepresentation Claims*[1] filed by Defendant, Citco Banking Corporation N.V. ("Citco Banking"). Defendants The Citco Group Limited ("Citco Group"), Citco Fund Services (Cayman Islands) Limited ("CFS Cayman"), and Citco Technology Management ("CTM") join the *Motion*. Plaintiffs have filed an *Opposition*,[2] to which the Citco Defendants filed a *Reply*.[3] For the following reasons, the Court finds that the *Motion* by the Citco Defendants shall be granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In Plaintiffs' *Petition for Damages*,[4] they assert that the Citco Defendants "owed a duty to Plaintiffs to disclose the certain information [sic] to Plaintiffs"[5] and that the Citco Defendants breached that duty when they "negligently misrepresented or negligently failed to inform Plaintiffs of material financial information."[6] The Citco Defendants now

---

[1] Rec. Doc. No. 738.
[2] Rec. Doc. No. 785.
[3] Rec. Doc. No. 828.
[4] Rec. Doc. No. 1-3.
[5] *Id.* at p. 59.
[6] *Id.*

49478

seek summary judgment on Plaintiffs' negligent misrepresentation claim, arguing that it fails on the merits and "is time barred"[7] because a one-year prescriptive period applies, and "each of the purported omissions underlying Plaintiffs' claim took place years before Plaintiffs initiated this lawsuit."[8] Plaintiffs "agree that the applicable prescriptive period . . . is one year,"[9] but argue that they "did not become aware of the factual elements of their claim . . . more than one year prior to the filing of the lawsuit."[10] After reviewing the evidence cited by the Citco Defendants, the Court concludes that Plaintiffs were clearly on notice of their negligent misrepresentation claim more than a year before the filing of their *Petition for Damages* on March 1, 2013.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] In assessing whether a dispute to any material fact exists, the Court considers all of the evidence in the record but must refrain from making credibility determinations or weighing the evidence.[12] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13] If the moving party satisfies its burden, "the non-moving party must

---

[7] Rec. Doc. No. 738-1, p. 2.
[8] *Id.*
[9] Rec. Doc. No. 785, p. 66.
[10] *Id.*
[11] Fed. R. Civ. P. 56(a).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[13] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
49478

show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[14] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[15]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[16] All reasonable factual inferences are drawn in favor of the nonmoving party.[17] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[18] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[19]

### B. Prescriptive Period for Negligent Misrepresentation Claims

The delictual action of negligent misrepresentation was recognized by the Louisiana Supreme Court in *Devore v. Hobart Mfg. Co.*.[20] To prevail on a negligent

---

[14] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[15] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[17] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[18] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[19] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[20] 367 So.2d 836, 839 (La.1979).
49478

misrepresentation claim, the plaintiff must prove that the defendant had a duty to supply correct information, that the defendant breached that duty, and that the defendant's breach caused damages to the plaintiff.[21] The action for negligent misrepresentation arises *ex delicto*[22] and is subject to the one year prescriptive period of Civil Code article 3492.[23]

Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort.[24] "A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry."[25] "Investors are not free to ignore 'storm warnings' which would alert a reasonable investor to the possibility of fraudulent statements or omissions in his securities transaction."[26] "The requirement of diligent inquiry imposes an affirmative duty upon the potential plaintiff. Plaintiff is not permitted a 'leisurely discovery of the full details of the alleged scheme.'"[27]

---

[21] *Beal v. Lomas and Nettleton Co.*, 410 So.2d 318, 321 (La.App. 4th Cir.1982).
[22] See, e.g., *Smith v. Remodeling Service, Inc.*, 94-589, p. 7 (La.App. 5th Cir. 12/14/94), 648 So.2d 995, 999-1000; *Ames v. Ohle*, 2011-1540 (La. App. 4 Cir. 5/23/12), 97 So. 3d 386, 396, decision clarified on reh'g (July 11, 2012), writ denied, 2012-1832 (La. 11/9/12), 100 So. 3d 837.
[23] See, e.g., *Cagle v. Loyd*, 617 So.2d 592, 600 (La.App. 3d Cir.), writ denied, 620 So.2d 877 (La.1993).
[24] *Percy v. State, E.A. Conway Memorial Hosp.*, 478 So.2d 570 (La.App. 2 Cir.1985).
[25] *Campo v. Correa*, 2001-2707 (La. 6/21/02), 828 So. 2d 502, 510–11.
[26] *Jensen v. Snellings*, 841 F.2d 600, 607 (5th Cir. 1988) (citing *Cook v. Avien, Inc.,* 573 F.2d 685, 697–98 (1st Cir.1978).
[27] *Id.*, citing *Klein v. Bower*, 421 F.2d 338, 343 (2d Cir.1970).
49478

## C. Analysis

The law sets forth, and the parties concur, that a one-year prescriptive period applies to Plaintiffs' claim for negligent misrepresentation.[28] Thus, Plaintiffs' negligent misrepresentation claim is prescribed if they were on notice of their claim before March 1, 2012, a year before their *Petition* was filed. In support of summary judgment, the Citco Defendants identify several events that, they contend, put Plaintiffs on notice of this claim. First, Defendants argue that Plaintiffs were on notice as of June 15, 2011, "when FRS and MERS sought to partially redeem their investments in Leveraged [and] Leveraged responded by issuing promissory notes 'instead of funding'"[29] the requests. The Court does not need to infer that this failed redemption gave rise to concern on the part of Plaintiffs because Plaintiffs issued a joint public statement to that effect on July 11, 2011.[30] That statement read:

> The distribution of a promissory note in lieu of immediate cash has raised concern with each of the systems' respective boards. To be practical, it gives rise to questions regarding the liquidity of [Leveraged] and the accuracy of the financial statements issued by the two renowned independent auditors.[31]

Surely, this event and the resulting joint public statement are a "storm warning" of the type that courts have recognized as providing notice to the would-be Plaintiffs.

In *Center for Restorative Breast Surgery, L.L.C. v. Blue Cross Blue Shield of Louisiana*,[32] the United States District Court for the Eastern District of Louisiana

---

[28] Rec. Doc. No. 785, p. 66 ("The Louisiana Funds agree that the applicable prescriptive period for the negligent misrepresentation claim is one year."); Rec. Doc. No. 738-1, p. 10 ("Claims for negligent misrepresentation arise ex delicto and therefore subject to Louisiana Civil Code article 3492.").
[29] Rec. Doc. No. 738-1, p. 12.
[30] Rec. Doc. No. 738-1, p. 12, n. 6.
[31] Rec. Doc. No. 738-3, p. 81, citing Kolatch Decl. Ex. 232, at 001-1–001-2.
[32] *Ctr. for Restorative Breast Surgery, L.L.C. v. Blue Cross Blue Shield of Louisiana*, No. CV 11-806, 2016 WL 7468165 (E.D. La. May 6, 2016).
49478

considered whether the plaintiffs' negligent misrepresentation claim was prescribed. The plaintiffs therein alleged that Blue Cross Blue Shield had supplied incorrect information about the benefits they were entitled to when they requested preauthorization for procedures they were planning to perform. When the plaintiffs subsequently made a claim and were paid less than amount provided during preauthorization, they appealed the benefit determinations. The Eastern District concluded that, "[b]y the date of [that] appeal, [p]laintiffs clearly knew that they had received less than the amount [d]efendants allegedly represented that [p]laintiffs would receive for the services rendered."[33] Thus, the court went on to find, "prescription commenced, at the latest, when the first appeal was filed with respect to each claim."[34]

The facts of *Center for Restorative Breast Surgery* are highly analogous to the case at bar. Here, when the Plaintiffs attempted to redeem their investment and were instead given a promissory note, they clearly knew that Leveraged lacked liquidity to satisfy their redemption. In short, like the plaintiffs in *Center for Restorative Breast Surgery*, the Louisiana Funds did not receive what they claimed. Although there was no "appeal" of the failed redemption, the public statement issued by Plaintiffs[35] serves the same function in the context of the prescription analysis, namely, it provides affirmative evidence of Plaintiffs' knowledge of possible misrepresentations. Additionally, Plaintiffs stated in their Petition for Damages that the failed redemption on June 15, 2011 "was the

---

[33] *Id.* at *16.
[34] *Id.*
[35] See *supra*, p. 5; the statement read: "The distribution of a promissory note in lieu of immediate cash has raised concern with each of the systems' respective boards. To be practical, it gives rise to questions regarding the liquidity of [Leveraged] and the accuracy of the financial statements issued by the two renowned independent auditors."
49478

first point in time that Plaintiffs had any notice or knowledge that . . . the valuations contained in the account statements issued to it were not accurate."[36] Thus, even by Plaintiffs' own account, they were aware of the possibility of misrepresentations as of June 15, 2011, more than a year before the filing of this lawsuit. The Court concludes that, presented with the evidence of the failed redemption and subsequent joint public statement (and with Plaintiffs' failure to identify disputed fact issues surrounding those events), a reasonable juror could not conclude that Plaintiffs were unaware of their negligent misrepresentation claim more than one year before the filing of this lawsuit.

The Citco Defendants further cite the fact that, on January 20, 2011, FRS and MERS received subpoenas from the Securities and Exchange Commission (SEC) Enforcement Division, seeking "documents concerning Plaintiffs' investment in Leveraged as well as 'all communications with anyone at [Fletcher Asset Management]'."[37] The Court finds that an SEC investigation into Leveraged and Fletcher was another significant red flag that should have put Plaintiffs on notice of a potential claim for negligent misrepresentation. Likewise, the Citco Defendants identify Plaintiffs' receipt on January 24, 2011 of "restated 2007 and 2008 audited financial statements for Leveraged and Arbitrage,"[38] indicating that the net worth of Arbitrage had previously been overstated by $80,000,000,[39] as an obvious "trigger" point for Plaintiffs' claim for negligent misrepresentation. The Court agrees and finds that the Citco Defendants have met their

---

[36] Rec. Doc. No. 1-3, p. 17 at ¶ 42.
[37] Rec. Doc. No. 738-3, p. 74.
[38] Rec. Doc. No. 738-1, p. 14.
[39] Rec. Doc. No. 738-8, p. 72.
49478

summary judgment burden. As such, their additional evidence in support of summary judgment will not be recited here.

Plaintiffs fail to show that summary judgment is inappropriate by identifying any genuine issues of material fact surrounding the issue of prescription. In fact, the extent of Plaintiffs' opposition to summary judgment on this claim is a three-sentence paragraph including the unsupported statement that "the Louisiana Funds did not become aware of the factual elements of their claim against the Citco Defendants based upon the failure to disclose the Financial Benefits and the Conflicts of Interest more than one year prior to the filing of the lawsuit."[40] Such a conclusory statement is not sufficient to prevent summary judgment, and is belied by the evidence discussed above. Moreover, even if Plaintiffs provided evidence in support of that claim, it would likely fail. Prescription does not begin to run only when "an inquiry reveals the facts or evidence that specifically outline the claim"[41] – it begins when "there is enough notice to call for an inquiry about a claim."[42] So, the clock had begun to run on Plaintiffs as of the above-discussed events that triggered notice, regardless of whether they had specific knowledge about what they identify as "the financial benefits and conflicts of interest"[43] of the Citco Defendants. Throughout this action, Plaintiffs have argued that the Citco Defendants were inextricably intertwined with Leveraged; it follows, then, that having notice of a claim against Leveraged would also have given rise to notice of a claim against the Citco Defendants. Because the Court finds that Plaintiffs had notice of any negligent misrepresentation claim

---

[40] Rec. Doc. No. 785, p. 66.
[41] *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 300 (5th Cir. 1999).
[42] *Id.*
[43] Rec. Doc. No. 785, p. 66.
49478

more than a year before the filing of their *Petition*, Plaintiffs' negligent misrepresentation claim is prescribed and will be dismissed with prejudice.

## III. CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment on Plaintiffs' Negligent Misrepresentation Claims*[44] is granted in favor of the Citco Defendants.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 14, 2019.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[44] Rec. Doc. No. 738.