UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FIREFIGHTERS' RETIREMENT
SYSTEM, ET AL.                                               CIVIL ACTION

VERSUS                                                       13-373-SDD-EWD

CITCO GROUP LIMITED, ET AL.

### RULING

This matter is before the Court on the *Motion for Rule 54(b) Certification*[1] filed by Plaintiffs Firefighters' Retirement System, Municipal Employees' Retirement System of Louisiana, and New Orleans Firefighters' Pension & Relief Fund (collectively, "Plaintiffs" or "the Louisiana Funds"). Defendants, Citco Banking Corporation N.V., The Citco Group Limited, Citco Fund Services (Cayman Islands) Limited, and Citco Technology Management (collectively, "the Citco Defendants") filed a *Statement in Response*[2] indicating that they do not oppose the motion. The Louisiana Funds also filed a *Notice Regarding Motion for Rule 54(b) Certification*.[3] For the reasons that follow, the Court finds that the Louisiana Funds' *Motion* shall be GRANTED.

On February 7, 2019, this Court issued a *Judgment* dismissing all of the Louisiana Funds' claims against the Citco Defendants with prejudice.[4] This Court subsequently issued an *Amended Judgment* which, in addition to dismissing the Funds' claims against the Citco Defendants with prejudice, dismissed the counterclaims of Defendant Citco

---

[1] Rec. Doc. No. 1000.
[2] Rec. Doc. No. 1003.
[3] Rec. Doc. No. 1004.
[4] Rec. Doc. No. 958.
62950

Fund Services (Cayman Islands) with prejudice.[5] The Louisiana Funds appealed this Court's dismissal of their claims against the Citco Defendants to the United States Court of Appeals for the Fifth Circuit.[6] On July 7, 2020, the Fifth Circuit entered a judgment dismissing the Louisiana Funds' appeal "for want of appellate jurisdiction."[7] Specifically, the Fifth Circuit held that there was no final, appealable decision in this matter because the Funds had voluntarily dismissed without prejudice their claims against Defendant Lisa Alexander[8] and "there is no final decision if a plaintiff voluntarily dismisses a defendant without prejudice, because the plaintiff 'is entitled to bring a later suit on the same cause of action.'"[9]

In May 2020, two months before the Fifth Circuit dismissed the Louisiana Funds' appeal, it issued an *en banc* decision in *Williams v. Seidenbach.* In *Williams*, the Fifth Circuit discussed the possibility that "when a plaintiff sues two defendants, and then voluntarily dismisses one defendant without prejudice, while litigating against the other to conclusion. . .the plaintiff may fall into a 'finality trap'—unable to obtain an appealable final decision, despite having lost to the second defendant."[10] The Fifth Circuit noted that "established rules of civil procedure provide many tools to avoid that alleged 'trap,'"[11] including entry of a partial final judgment under Rule 54(b). Ultimately, the *Williams* court held that an appeal can properly proceed based on the district court's entry of partial final judgment under Federal Rule of Civil Procedure 54(b).

---

[5] Rec. Doc. No. 968.
[6] Rec. Doc. Nos. 969, 982.
[7] Rec. Doc. No. 999, p. 4.
[8] Rec. Doc. No. 941.
[9] *Id.* at p. 1 (citing *Williams v. Seidenbach*, 958 F.3d 341, 343 (5th Cir. 2020)(en banc)(quoting *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978)).
[10] *Williams*, 958 F.3d at 343.
[11] *Id.* at 344.
62950

In the Fifth Circuit's denial of the Louisiana Funds' appeal, the court noted that it did not decide how or whether *Williams* would apply to the instant case.[12] But the court analogized the facts of this case to *Williams*, stating that

> The only difference between this case and *Williams* is the order of dismissals after the adverse decision. In *Williams*, the voluntary dismissal without prejudice disposed of all remaining defendants in the case. Here, the Funds voluntarily dismissed one defendant without prejudice and then adjudicated their claims against other defendants. But that is a distinction without a difference. The Funds sought to render an interlocutory decision appealable by dismissing at least one defendant without prejudice. And under *Williams*, that means—absent some further act like a Rule 54(b) certification—there is no final, appealable decision.[13]

In light of *Williams*, the Louisiana Funds now request that this Court issue "a Rule 54(b) order certifying the Citco Judgment as a partial final judgment."[14] Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The determination of whether "there is no just reason for delay" lies "within the sound discretion of the district court."[15] In making its determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'"[16] Additionally, the Fifth Circuit held in *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.* that "[a] district court

---

[12] Rec. Doc. No. 999, p. 2, n. 1.
[13] *Id*. at p. 4. (internal citations omitted).
[14] Rec. Doc. No. 1000-2, p. 5.
[15] *Ichinose v. Travelers Flood Ins.*, 2007 WL 1799673, *2 (E.D.La. 6/21/07).
[16] *Ichinose v. Travelers Flood Ins.*, 2007 WL 1799673, *2 (E.D.La. 6/21/07) (citing *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)(quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324 (1950)).
62950

should grant certification [under 54(b)] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."[17] The Louisiana Funds argue that failing to certify a partial final judgment will cause them to "suffer an injustice and hardship because the judgments against the Citco Defendants will not be appealable to the U.S. Fifth Circuit Court of Appeals."[18] Moreover, they aver, they are facing hardship in the form of "financial difficulties because of the pressure the pandemic has created on municipalities."[19] As stated above, the Citco Defendants do not oppose the requested relief. Overall, the Court finds that the entry of a partial final judgment is appropriate in this case. The Court's previous *Judgment* and *Amended Judgment* dismissed all of Plaintiffs' claims asserted in this matter against the Citco Defendants, and are, therefore, an ultimate disposition of all of Plaintiffs' claims as to these Defendants.  Accordingly, the Court concludes that the *Judgment* and *Amended Judgment* are final judgments as to the claims asserted against the Citco Defendants and that there is no just reason for delay, especially given that this action was initially filed more than seven years ago, in March 2013.[20] Accordingly, the Louisiana Funds' *Motion for Rule 54(b) Certification*[21] is hereby GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 15, 2020</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] 81 F. 3d 1412, 1421 (5th Cir. 1996).
[18] Rec. Doc. No. 1000-2, p. 9.
[19] Rec. Doc. No. 1004, p. 2.
[20] Rec. Doc. No. 1-3.
[21] Rec. Doc. No. 1000.
62950